550 So.2d 1162 (1989)
STATE of Florida, Appellant,
v.
John R. VAN PIETERSON, Appellee.
No. 88-94.
District Court of Appeal of Florida, First District.
October 6, 1989.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellant.
John P. DuBose, Pensacola, for appellee.
ZEHMER, Judge.
The State appeals an order granting John Van Pieterson's motion to suppress evidence. The State contends that the court erred in finding the search warrant invalid for lack of probable cause and in finding *1163 that the good faith exception did not apply to execution of the warrant. Finding no error, we affirm.
The charges against Van Pieterson stemmed from the death of Martin Sharron, Jr., who allegedly died as the result of a drug overdose. Cocaine with traces of Dimethyldiclorosilane, a toxic by-product of the cocaine production process, was found in the motorhome where, on July 22, 1987, Sharron was found unconscious. The medical examination conducted upon Sharron's hospital admission indicated that he possibly suffered a drug overdose. Sharron died on August 4, 1987.
During the police investigation of Sharron's death, Officer Brian Barton questioned Jeff Neal. Neal first denied any knowledge of the circumstances surrounding Sharron's death. However, after Officer Barton conducted a consent search of Neal's home and discovered 31.3 grams of marijuana, weighing scales, plastic baggies, beakers, syringes, isotol powder (commonly used as a drug-cutting agent), and other drug paraphernalia, Neal admitted in a recorded statement that on July 22 he purchased cocaine for Sharron from a man known to him as John Peterson. He stated that he delivered the cocaine to Sharron at the motorhome in which Sharron was found, and that Sharron injected the cocaine. Neal told Officer Barton that he had purchased cocaine from this man on prior occasions, and directed Officer Barton to the man's house.
Officer Barton determined the occupant of the house to be the defendant, John Van Pieterson, and attempted to make a controlled buy from defendant on three separate occasions. Defendant was not home on any of those occasions, and Officer Barton failed to accomplish such a buy. Despite this failure, Officer Barton applied for a warrant authorizing the search of defendant's house. The affidavit Officer Barton filed in support of this application recounted the information received from Neal in his recorded statement and stated that a criminal history check of defendant "indicated a prior arrest history of drug related arrests." On the basis of Officer Barton's application and supporting affidavit, the presiding magistrate issued the requested search warrant. Deputy Sheriff Mickey Jeffcoat thereafter searched defendant's house pursuant to the warrant. During that search, he discovered and seized a marijuana cigarette and five firearms, but no cocaine.
The State subsequently filed informations charging defendant with unlawful possession of firearms by a convicted felon, possession of cannabis, sale of cocaine, and murder. Defendant moved to suppress the evidence seized from his house on the ground that the search warrant was not based upon probable cause.
At the hearing on the motion to suppress, Neal testified that prior to giving the recorded statement, Officer Barton promised him that he would not be arrested for murder; he further testified that he received a grant of immunity in exchange for giving the recorded statement. Officer Barton testified at this hearing that he made a deal with Neal after Neal gave the recorded statement that if Neal would attempt to make a controlled buy of cocaine from defendant, Barton would not file charges against him. Barton testified that the purpose of these attempted controlled buys was to obtain additional probable cause in order to strengthen the basis for obtaining a search warrant. Barton also testified that he did not know Neal prior to the investigation and that this was the first time Neal had acted as an informant.
The trial judge granted defendant's motion to suppress, finding the search warrant invalid because the affidavit upon which it was based lacked probable cause. As grounds for this finding, the trial judge pointed to the lack of independent corroboration of Neal's reliability and concluded that Neal's recorded statement could not be considered a statement against penal interest since it was given in exchange for a grant of immunity and a promise that he would not be arrested for murder. The judge further found that the good faith exception did not apply to execution of the invalid search warrant.
*1164 On this appeal, the State argues that the trial judge erred in finding a lack of probable cause because Neal's recorded statement was given subject to penalty of perjury and was against his penal interest, and thus provided a sufficient basis for the magistrate's finding of probable cause. Appellee, however, counters that the trial court correctly found the affidavit insufficient to support a finding of probable cause because it did not show that Neal's statement was given under penalty of perjury, nor did it show that, in exchange for the statement, Officer Barton promised Neal he would not be arrested for murder and the state attorney promised Neal immunity from prosecution.
The trial court's duty upon reviewing the magistrate's decision to issue the search warrant was not to conduct a de novo determination of probable cause, but to determine whether substantial evidence supported the magistrate's finding that, based on the totality of the circumstances, probable cause existed to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). When a material fact is omitted from the affidavit filed in support of the probable cause determination, such fact constitutes a material omission if a substantial possibility exists that the omission would have altered a reasonable magistrate's probable cause determination. People v. Aston, 39 Cal.3d 481, 216 Cal. Rptr. 771, 703 P.2d 111 (1985). In determining whether a material omitted fact should invalidate the search warrant, the reviewing court should view the affidavit as if it had included the omitted fact and then determine whether the affidavit provides sufficient probable cause. 216 Cal. Rptr. at 780, 781, 703 P.2d at 120, 121. See also Schmid v. State, 615 P.2d 565 (Alaska 1980) (material misstatement of fact in affidavit filed in support of search warrant invalidates search warrant if the affidavit without the untrue fact would not support a finding of probable cause); United States v. Lueth, 807 F.2d 719 (8th Cir.1986) (material omission from warrant affidavit treated same as material misstatement).
Here, the trial judge found as fact that, in exchange for the recorded statement, Officer Barton made a deal with Neal that Neal would not be arrested for murder and the state attorney promised Neal immunity. The record contains competent, substantial evidence supporting this finding. The affidavit, however, did not recite this fact. Likewise, the affidavit did not recite the fact that Neal had made conflicting statements to Officer Barton regarding his knowledge of the circumstances surrounding Sharron's death. There is a substantial possibility that, had the magistrate been apprised of these omissions from the warrant affidavit, he would not have found that the affidavit provided sufficient probable cause for issuance of the warrant because of the lack of sufficient corroboration of Neal's statements. Therefore, we conclude that the omissions from the affidavit were material. The trial court's order granting the motion to suppress comes to us clothed with a presumption of correctness, McNamara v. State, 357 So.2d 410 (Fla. 1978), and we hold that the trial judge did not abuse his discretion in concluding that the affidavit failed to show sufficient probable cause to issue the warrant.
The State also argues that even if the trial judge did not err in finding the search warrant invalid because it was not based on probable cause, the trial judge erred in granting defendant's motion to suppress the evidence seized pursuant to the invalid warrant because the good faith exception to the warrant requirement, as enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), should have been applied to validate the search. In United States v. Leon, the Supreme Court reversed an order granting a motion to suppress evidence, even though the warrant pursuant to which the evidence had been seized was invalid, upon the finding that the officers who executed the warrant acted in reasonable reliance on the warrant and the warrant was issued by a detached and neutral magistrate. But in Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA), rev. denied, 500 So.2d 545 (Fla. 1986), the Third District found the good faith exception inapplicable to a case where *1165 the affidavit for search warrant contained no information regarding the informant's credibility and no facts showing independent police corroboration. Paraphrasing a statement from the decision in United States v. Leon, the court in Vasquez stated that no officer could manifest objective good faith in relying on the warrant at issue because it "was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." 491 So.2d at 300. The Vasquez court went on to state that the magistrate had before her insufficient facts upon which she could exercise her "neutral and detached" function of determining the existence of probable cause. Id. at 300.
As in Vasquez, the facts in the instant case cast considerable doubt on the reasonableness of the officers' belief that probable cause to search defendant's residence existed. Neal's conflicting statements to Officer Barton regarding his knowledge of the circumstances surrounding Sharron's death should have given Barton reason to doubt Neal's veracity. Furthermore, simply naming Neal as the informant without some independent corroboration was insufficient to establish his credibility and reliability. State v. Novak, 502 So.2d 990 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla. 1987); Rowe v. State, 355 So.2d 826 (Fla. 1st DCA 1978). Officer Barton's three attempts to accomplish a controlled buy from defendant certainly cannot constitute independent police corroboration because such a buy was never completed, and defendant's history of a narcotics-related arrest cannot constitute independent corroboration of the information in the affidavit as that arrest was more than ten years old at the time of the search and, apparently, did not result in a conviction.
Although the record does not make clear whether Officer Barton executed the search warrant himself or delivered it to another officer for execution,[1] such fact is irrelevant to our affirming the trial court's refusal to apply the good faith exception in this case. We do not believe the good faith exception is applicable where a warrant is obtained by one officer who omits a material fact that would defeat probable cause and then delivers such warrant to another officer for "good faith" execution. Barton's knowledge of material omitted facts precluded application of the good faith exception to the execution of this warrant by another officer even though the latter was ignorant of the omission.
Viewing the evidence in the light most favorable to sustaining the trial court's ruling, we find that the trial court did not abuse his discretion in finding the good faith exception inapplicable because the affidavit on which the search warrant was based was so lacking in indicia of probable cause as to render official belief in its validity unreasonable, and the magistrate had before him insufficient facts upon which to exercise his neutral and detached function of determining the existence of probable cause. Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA 1986).
AFFIRMED.
WENTWORTH, J., concurs.
ERVIN, J., concurs with opinion.
ERVIN, Judge, specially concurring.
Although I have no reservations whatsoever in concurring with Judge Zehmer's well-reasoned opinion, I am of the view, given the broad exclusions to the good-faith exception enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), that it would be very rare indeed for a search warrant to be sustained under the good-faith exception, if the warrant could not survive the relaxed totality-of-the-circumstances test announced in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Although there exists a theoretical difference between the two principles enunciated in the above cases, in that the Gates test focuses on whether a magistrate's decision to issue a search warrant was based upon probable cause, while the Leon test fixes *1166 on the reasonableness of the police's decision in seeking and executing a warrant, nevertheless, I believe that the practical effect of the two rules generally, as the present case exemplifies, would be the same. See Leon, 468 U.S. at 928, 104 S.Ct. at 3430, 82 L.Ed.2d at 702 (Brennan, J., dissenting); 1 W. LaFave, Search and Seizure 72-75 (2d ed. 1987). Consequently, a search that is suppressed on the ground that probable cause for the issuance of the search warrant was lacking under a totality-of-the-circumstances approach would probably be suppressed as well for the reason that the executing officer's reliance on a magistrate's determination of probable cause was unreasonable and therefore did not meet the good-faith exception.[2]
My conclusion in this regard is based upon four rather general and somewhat overlapping qualifications made by the Leon Court to the good-faith exception:
Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role... . Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient  i.e., in failing to particularize the place to be searched or the things to be seized  that the executing officers cannot reasonably presume it to be valid.
Leon, 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 698-99 (citations omitted).
In my judgment, the third enumerated qualification to the good-faith exception is most suitable to the case on review. If this condition had been appropriately applied, I cannot conceive that a court, in reviewing a warrant supported by an affidavit like that now before us  so deficient in detailing either the affiant's reliability or the source of his knowledge  could conclude that a searching officer had manifested objective good faith in relying upon such a warrant.
Two recent opinions by the Fifth Circuit Court of Appeals illustrate the necessity of the government establishing that the informant, who himself assisted in the perpetration of a crime, as here, be established reliable by some recognizable means, otherwise a warrant that is not buttressed by an affidavit detailing the informant's tip will not be sustained under either the Gates or Leon tests. In United States v. Jackson, 818 F.2d 345 (5th Cir.1987), Dunbar, a participant in the crime, gave information to police officers which led to the issuance of an arrest warrant for the defendant Jackson. The police officer's affidavit in Jackson  like that at bar  failed to indicate whether the informant had given any previous tips, or whether his reliability was established by any other corroborative facts. In determining that Dunbar's statement lacked the necessary indicia of reliability to support the search under the good-faith exception, the Fifth Circuit gave no credence to the government's argument that Dunbar's reliability was established by the fact of his statement being sworn. More importantly, the court noted the absence of anything in the record displaying whether there were any consequences to which Dunbar might have been subjected for providing false information. Indeed, as the *1167 Fifth Circuit observed, "[T]he informant, as an admitted perpetrator of the crime in question, had reason to shade any information he gave in order to exculpate himself or to curry favor with officials." Id. at 348. In the case at bar, the informant may have been similarly motivated, in that, as the court below specifically found, the informant made a deal with the officer not to be arrested for murder, and immunity was given to him by the state attorney in exchange for his deposition inculpating appellant.
In United States v. Barrington, 806 F.2d 529 (5th Cir.1986), the Fifth Circuit also rejected the government's argument that the Leon good-faith exception could be applied to an affidavit that recited only that a police officer had obtained information from a confidential informant who was known to the police officer, and who had provided him with information in the past which had led to several arrests and convictions. The court commented, similar to Jackson, that the affidavit was simply a "bare bones" affidavit lacking any specification of the source of the informer's information. The court reasoned that because Leon had stated that an officer may not obtain a warrant based on such a paucity of information, and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search,[3] neither could the officer himself conduct a search based on his own deficient affidavit. Barrington, 806 F.2d at 532.
The same reasoning is applicable here. The affidavit relied upon by both the officers and the committing magistrate, insofar as it recited the alleged narcotics trafficking of appellant, supplied no information regarding the reliability of the informant's assertions that he had obtained cocaine from the appellant; neither was his information corroborated by other means, such as by an officer's independent observations of criminal activity before conducting the search. As a result, the searching officers who relied upon the warrant, which was based upon an affidavit that lacked any indicia of probable cause, failed to manifest the objective good faith standard required by Leon.
NOTES
[1] With regard to who actually executed the warrant, the only evidence in the record is a "seized property receipt" signed by Deputy Sheriff Mickey Jeffcoat.
[2] The Leon court stressed that an officer's good-faith belief cannot depend upon the subjective good faith of the executing officers, but rather must be tested by their "objectively reasonable belief that their conduct did not violate the Fourth Amendment." Leon, 468 U.S. at 918, 104 S.Ct. at 3418, 82 L.Ed.2d at 696. The test of whether an officer's reliance upon a search warrant is "objectively reasonable" turns on "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23, 104 S.Ct. at 3420 n. 23, 82 L.Ed.2d at 698 n. 23. Moreover, a court's attention must be directed to the "objective reasonableness, not only of the officers who eventually executed a warrant, but also of the officers who originally obtained it or who provided information material to the probablecause determination." Id. at 923 n. 24, 104 S.Ct. at 3420 n. 24, 82 L.Ed.2d at 698 n. 24.
[3] Leon, 468 U.S. at 923 n. 24, 104 S.Ct. at 3420 n. 24, 82 L.Ed.2d at 698 n. 24.