579 So.2d 802 (1991)
Angel Louis BONILLA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1256.
District Court of Appeal of Florida, Fifth District.
May 9, 1991.
*803 Roger O. Mills, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Defendant, Angel Louis Bonilla, appeals his judgment and sentence imposed by the trial court after a jury found him guilty on two counts of fighting or baiting animals.[1] On appeal defendant claims that the trial court erred in denying his motion to suppress evidence seized from his house pursuant to the execution of a search warrant. We hold that the trial court erred in denying defendant's motion to suppress evidence and we reverse and remand this case for a new trial.
Defendant was charged by information with two counts of baiting or using animals for the purpose of fighting or baiting another animal. Defendant filed a pretrial motion to suppress evidence seized during an April 13, 1989 search of his house, contending that the search warrant which authorized the search was invalid because the supporting affidavit lacked probable cause. Defendant argued below that the affidavit supporting the search warrant, which was delivered to defendant at the time of the search, lacked probable cause because the information set forth therein was stale. In response to defendant's contention the state explained that Sergeant Lee of the Hernando County Sheriff's Office had prepared the search warrant and affidavit because the sheriff's office had determined that defendant and another man, Louis Danna, were involved in illegal drug transactions. On April 13, 1989, based upon information the sheriff's office had compiled, two affidavits and two search warrants were prepared  one for defendant's dwelling and one for Danna's dwelling. The affiant was Sergeant Lee. The warrants were taken to Judge Tombrink's home for authorization and the judge signed both warrants. Sergeant Lee immediately proceeded to defendant's home to execute the warrant. As Lee read the warrant to defendant, Lee realized that the word processor had failed to print a vital paragraph on either the affidavit or the warrant  the omitted paragraph contained information concerning an alleged drug transaction which occurred at defendant's residence earlier that day.[2] It was upon *804 this specific paragraph that Lee based his claim of probable cause. Lee proceeded however to conduct the search of defendant's home. Pursuant to this search various pieces of evidence were seized.
At the suppression hearing the state maintained that the failure of the defendant's affidavit to contain the omitted probable cause paragraph did not render the search warrant invalid because the affidavit which was prepared in support of the search warrant for Danna's house contained the probable cause paragraph and both affidavits were presented to Judge Tombrink. The state argued that since the judge had all the vital information before him, defendant's warrant should be held valid.
The trial court concluded that it needed to determine whether Judge Tombrink had actually relied on the Danna affidavit to support the issuance of defendant's search warrant and thus ordered an evidentiary hearing on this matter. At the hearing the state first introduced the testimony of Sergeant Lee who testified that when he arrived at Judge Tombrink's house the judge placed him under oath to swear to the contents of the affidavits. Lee stated that the judge first reviewed the affidavit supporting the search warrant for Danna's residence and then pronounced that he found probable cause to justify the search. Lee then gave the judge the affidavit and search warrant for defendant's house. Lee testified that he and the judge conversed as to how the cases were connected and that the factual basis for each warrant was the same. The judge then signed the search warrant for defendant's house. As noted above, Lee then proceeded to defendant's house to execute the warrant.
Lee further testified that the next day he prepared an amended affidavit, included the probable cause paragraph, and then returned to Judge Tombrink for authorization of the amended warrant. Judge Tombrink authorized the amended warrant and Lee returned to defendant's house and conducted a second search on April 14, 1990. This latter search is not involved in this appeal.
The state then presented the testimony of Judge Tombrink. The judge testified that he could not remember with specificity what occurred on the night of April 13th but that he did recall that the "affidavits were supposed to be the same ... and essentially it was the same facts involving both individuals." He testified that upon review of all the evidence he was satisfied that probable cause existed to search defendant's residence.
Upon review of this testimony the trial court denied defendant's motion to suppress, concluding that (1) Judge Tombrink had considered and relied upon the information in the probable cause paragraph set forth in Danna's affidavit to support the issuance of defendant's search warrant and, therefore, the warrant was valid; and, (2) Detective Lee executed the warrant in good faith and in accordance with the law. The trial court then clarified its ruling:
THE COURT: My ruling specifically is that Judge Tombrink, based on his testimony, had both affidavits before him. That the affidavit in question, subject to this motion, is insufficient which leads me to conclude that the only way Judge Tombrink would have issued a warrant is having considered  and it's obvious when you read it that both men's names are mentioned.
Mr. Bonilla's name is mentioned in the affidavit regarding Mr. Danna. And when you take that in conjunction with  the Danna affidavit in conjunction with the Bonilla affidavit, which were before the court at the time the warrant was issued, I find that there was sufficient *805 probable cause to justify the issuance of the warrant.
The matter proceeded to trial after which the jury found defendant guilty as charged. Defendant properly preserved the issue of the trial court's ruling on his motion to suppress by raising a contemporaneous objection. The trial court entered judgment in accordance with the jury's verdict and then sentenced defendant. This appeal followed.
The task of the magistrate when reviewing an application for a search warrant is to make a practical, common sense decision whether, given all the circumstances before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. Price, 564 So.2d 1239 (Fla. 5th DCA 1990). The trial court's duty upon reviewing the magistrate's decision to issue a search warrant is not to conduct a de novo determination of probable cause, but instead, to determine whether substantial evidence supports the finding that based on the totality of the circumstances probable cause existed to issue the warrant. State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989). A magistrate's determination of probable cause must be accorded a presumption of correctness and not be disturbed absent a clear demonstration that the issuing magistrate abused his discretion. State v. Price, 564 So.2d at 1241.
Similarly, a trial court's ruling on a motion to suppress comes to the appellate court clothed with the presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410 (Fla. 1978).
The issuance of a search warrant for a private home is governed by Section 933.18 of the Florida Statutes (1989). Section 933.18 provides, inter alia, that no search warrant shall issue to search any private dwelling except upon sworn proof by affidavit of some credible witness that he has reason to believe that the law relating to narcotics or drug abuse is being violated therein and this fact must be alleged in the supporting affidavit.[3] Statutes and rules authorizing search and seizure must be strictly construed and affidavits and warrants issued pursuant to such authority must meticulously conform to statutory and constitutional provisions. State v. Tolmie, 421 So.2d 1087 (Fla. 4th DCA 1982). See also Gildrie v. State, 94 Fla. 134, 113 So. 704 (1927); Hurt v. State, 388 So.2d 281 (Fla. 1st DCA 1980); Hesselrode v. State, 369 So.2d 348 (Fla. 2nd DCA 1979); Leveson v. State, 138 So.2d 361 (Fla. 3d DCA 1962).
Here, the affidavit which was submitted by Lee to support the application for a warrant to search defendant's dwelling clearly fails to allege facts supporting the claim that a violation of the narcotics laws was occurring inside defendant's residence because the probable cause paragraph had been omitted. Thus, we hold that the affidavit failed to comply with the requirements of section 933.18. We also hold that since section 933.18 specifically states that proof by affidavit is required, Judge Tombrink was not permitted to rely on the sworn testimony of Sergeant Lee that the factual basis for both warrants was the same. Orr v. State, 382 So.2d 860 (Fla. 1st DCA 1980); State v. Jacobs, 320 So.2d 45 (Fla. 2d DCA 1975); Swartz v. State, 316 So.2d 618 (Fla. 1st DCA 1975).
We have examined the April 13, 1990 affidavit submitted in support of the search warrant issued for the search of Danna's private dwelling. This affidavit does not make any reference to any alleged drug transaction at defendant's residence and, therefore, it fails to establish any probable cause upon which to issue any search warrant for defendant's home. A careful reading of this affidavit reveals that any reference *806 to "Lou" or "Lou's house" pertains to Louis Danna and not to the defendant. The omitted language from the April 13, 1990 affidavit concerning the alleged drug transaction which occurred at defendant's residence earlier that day is found in the April 14, 1990 affidavit submitted in support of the search warrant issued on April 14, 1990. This latter affidavit of April 14, 1990 was not even in existence on April 13, 1990 and it can in no way validate the search warrant issued on April 13, 1990 for defendant's residence.
We conclude that the April 13, 1990 search warrant for defendant's home is invalid because the supporting affidavit clearly fails to establish probable cause. Therefore, any evidence seized pursuant to that warrant must be suppressed unless we can find under the facts of this case that the good faith exception to the exclusionary rule applies.
In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court recognized a good faith exception to the exclusionary rule and the state argues that this good faith exception should be applied in this case. Leon holds that the exclusionary rule need not be applied to evidence obtained as the result of an illegal search when the officer conducting the search acted in objectively reasonable reliance on the invalid warrant. In reaching this decision, the Court emphasized that the exclusionary rule was designed to deter police misconduct and, therefore, suppression is not required when the officer acted with objective good faith in obtaining a search warrant and then properly executed the warrant. United States v. Leon, 104 S.Ct. at 3417-3419. The Court did however, outline four instances when suppression is appropriate; namely:
(1) If in issuing the warrant the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;
(2) Where the issuing magistrate wholly abandoned his judicial role;
(3) Where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
(4) Where a warrant is so facially deficient (i.e. in failing to particularize the place to be searched and/or the items to be seized) that the executing officer could not reasonably presume it to be valid. (emphasis added).
United States v. Leon, 104 S.Ct. at 3421.
The Florida courts have consistently refused to apply the good faith exception in cases where the supporting affidavit clearly fails to establish probable cause sufficient to justify a search. Garcia v. State, 554 So.2d 1223 (Fla. 2d DCA 1990); State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989); Thompson v. State, 548 So.2d 806 (Fla. 1st DCA 1989); Dixon v. State, 511 So.2d 1094 (Fla. 2d DCA 1987); Howard v. State, 483 So.2d 844 (Fla. 1st DCA 1986).
We conclude that the evidence establishes that Sergeant Lee's reading of the April 13, 1990 affidavit and warrant revealed to him that no probable cause was set forth to search defendant's residence. It cannot be said that Lee acted in objectively reasonable reliance upon a warrant he knew was based on a clearly faulty affidavit. In other words, the April 13, 1990 affidavit, upon which the search warrant of that date was based, was so lacking in indicia of probable cause to search defendant's private dwelling as to render any official belief in its validity objectively unreasonable and the magistrate had before him completely insufficient facts upon which to exercise his neutral and detached function of determining the existence of probable cause. We, therefore, hold that the good faith exception of Leon has no applicability to the facts of this case.
Accordingly, we hold that the trial court erred in denying defendant's motion to suppress evidence seized from defendant's residence pursuant to the search warrant of April 13, 1990 and we therefore reverse the trial court on this matter. However, we make no holding concerning the evidence *807 seized from defendant's residence pursuant to the search warrant of April 14, 1990 because that matter is not involved in this appeal. We reverse the judgment of conviction, vacate the sentence, and remand this case to the trial court for a new trial. At any new trial the evidence seized from defendant's residence pursuant to the April 13, 1990 search warrant shall not be admissible.
Judgment REVERSED; sentence VACATED; cause REMANDED.
COWART and GRIFFIN, JJ., concur.
NOTES
[1] §§ 828.122(3)(a), 777.011 Fla. Stat. (1989).
[2] The omitted paragraph reads:

On April 13, 1989, a Hernando County Sheriff's officer undercover operative and Louis Danna completed negotiations on a cocaine deal. The undercover operative gave eleven hundred and fifty dollars ($1150.00) in U.S. Currency to Louis Danna in exchange for approximately one ounce of cocaine. Surveillance showed that after Louis Danna received the money from the undercover operative Louis Danna made a phone call and then picked up an associate. Danna and the associate then drove to the residence of Louis Bonilla. Danna and the associate departed Bonilla's residence a short time later and drove to the Hardee's Restaurant located at U.S.-19 and SR-50 where Louis Danna delivered the cocaine to the undercover operative. This surveillance indicated that Louis Danna obtained the cocaine from the residence of Louis Bonilla on Gupton Road in Hernando County, Florida.
[3] Compare: Section 933.06 of the Florida Statutes (1989) which provides that, in reviewing an application for a warrant to search a structure other than a private dwelling, the magistrate may consider affidavits as well as other proof, including testimony from witnesses or depositions in writing to support the application.