583 So.2d 1059 (1991)
STATE of Florida, Appellant,
v.
Anthony PANZINO and A. Panzino South, Inc., Appellees.
No. 90-1580.
District Court of Appeal of Florida, Fifth District.
July 3, 1991.
Rehearing Denied August 16, 1991.
*1061 Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellant.
Marc L. Lubet of Lubet and Blechman, Orlando, for appellees.
DIAMANTIS, Judge.
The state appeals an order granting defendants Anthony Panzino and A. Panzino South, Inc.'s motion to suppress physical evidence obtained pursuant to a search warrant.[1] We reverse and remand.
Defendants were charged with keeping a house of ill fame in violation of section 796.01, Florida Statutes, (1987);[2] and maintaining a public nuisance in violation of sections 823.01, 823.05, Florida Statutes (1987). The defendants then plead not guilty and filed a notice of election to participate in discovery. Subsequently, the state obtained a search warrant from a different judge than the one to which this matter was assigned.
Thereafter, the defendants filed a motion to suppress the property seized pursuant to the execution of the warrant. In the motion defendants claim that the seizure was improper because (1) the affidavit was issued in bad faith, (2) the property seized is not described in the warrant, (3) there was no probable cause to support the warrant, (4) the affidavit sets forth the improper address of the property to be searched, (5) the affidavit fails to contain information that an indictment had been filed against the defendants and that the defendants had pled not guilty and elected to participate in reciprocal discovery, (6) the evidence sought by the search warrant is not evidence of a crime, (7) the information sought by the search warrant was already known by the affiant, and (8) the evidence seized is not illegal to possess.
The trial court conducted a hearing on the motion. At the hearing the attorneys presented argument; however, no evidence was presented. Defendants argued, among other things, that the evidence should be suppressed because the state failed to set forth in the affidavit the fact that the defendants were under indictment and had entered not guilty pleas and elected to participate in reciprocal discovery. Defendants maintained that once the election was made the state was not permitted to seek to obtain information by way of a search warrant but instead was required to obtain information by way of the discovery rules (for example, by issuing a subpoena duces tecum). Upon consideration of the motion the trial court entered an order suppressing all the evidence seized under the search warrant. In its order the trial court addressed only two of the eight issues raised by the defendants in the motion to suppress. First, the trial court held that the fact that the address set forth in the warrant was incorrect did not invalidate the warrant because the place to be searched was "otherwise sufficiently identified in the warrant." This ruling has not been challenged by the defendants. Second, the trial court concluded that suppression was required because the affiant failed to set forth in the affidavit the fact that an indictment had been issued against the defendants, that the defendants had pled not guilty, and that discovery had commenced in this matter. The trial court then entered an order suppressing the evidence seized pursuant to the execution of the warrant. The state appeals this order.
The task of the magistrate when reviewing an application for a search warrant is to make a practical, common sense decision whether, given all the circumstances before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. Price, 564 So.2d 1239 (Fla. 5th DCA 1990). The trial court's duty upon reviewing the *1062 magistrate's decision to issue a search warrant is not to conduct a de novo determination of probable cause, but instead, to determine whether substantial evidence supports the finding that based on the totality of the circumstances probable cause existed to issue the warrant. State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989). A magistrate's determination of probable cause must be accorded a presumption of correctness and not be disturbed absent a clear demonstration that the magistrate abused his discretion. State v. Price, 564 So.2d at 1240. Similarly, a trial court's ruling on a motion to suppress comes to the appellate court clothed with the presumption of correctness and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410 (Fla. 1978).
On appeal the state contends that the trial court erred in concluding that suppression was required because the affidavit filed with the application for a search warrant failed to include information that an indictment had been issued against the defendants and that the defendants had pled not guilty and elected to participate in discovery. We agree.
When a fact is omitted from an affidavit filed in support of an application for a search warrant the reviewing court must determine whether the omission constitutes a material omission. A fact constitutes a material omission if a substantial possibility exists that knowledge of the omission would have altered a reasonable magistrate's probable cause determination. In determining whether a material omitted fact should invalidate the search warrant the reviewing court must view the affidavit as if it had included the omitted fact and then determine whether the affidavit provides sufficient probable cause. State v. Van Pieterson, 550 So.2d at 1164; Sotolongo v. State, 530 So.2d 514, 515 (Fla. 2d DCA 1988).
Here, the trial court stated that suppression was required because the search warrant affidavit failed to state that an indictment had been filed against the defendants and that the defendants had entered pleas of not guilty and elected to participate in reciprocal discovery. Apparently the trial court concluded that the failure to include this information in the application for a search warrant constituted a material omission. This conclusion is incorrect. The fact that the defendants had been indicted by a grand jury and had entered pleas of not guilty and elected to participate in reciprocal discovery bears no relation to a finding of probable cause to search the subject property for evidence of ownership.
The defendants argue that the order of the trial court should be affirmed because the record establishes that the information was deliberately and intentionally omitted from the affidavit. This argument lacks merit. There is no evidence of record which establishes that the information was intentionally omitted. As noted, at the hearing on defendants' motion to suppress no evidence was introduced. Defendants also claim that the order of the trial court should be affirmed because the evidence which was sought to be seized pursuant to the warrant was evidence of information of which the state already "was aware". We reject this claim. Merely because the state "was aware" that Anthony Panzino was the owner-operator of the subject property bears no relevance to the issue of whether the state is entitled to execute a search warrant in an effort to recover evidence to prove this fact at trial.
The defendants argue next that the trial court properly ruled the search warrant to be invalid because the state should have used the less intrusive means of issuing a subpoena duces tecum in an effort to obtain the evidence of ownership. This argument has no support in the statutory or case law. Section 933.02 of the Florida Statutes (1987) states that "upon proper affidavits being made a search warrant may be issued under the provisions of this chapter ... when any property constitutes evidence relevant to proving that a felony has been committed." Here, the application *1063 for a search warrant sets forth facts indicating that felonious conduct was being committed on the subject property and, therefore, the state was authorized under the statute to obtain a search warrant in an effort to seize evidence relevant to prosecuting this conduct.
Defendants finally argue that the order of the trial court should be affirmed because the state failed to comply with rule 3.220 of the Florida Rules of Criminal Procedure. Specifically, defendants argue that the state improperly obtained an ex parte search warrant. We reject this argument because this issue was not raised before the trial court. Further, we hold that rule 3.220(b)(1)(ix) does not require notice to the defendant of any application for a search warrant, but only whether there has been any search or seizure and of any documents relating thereto.
Accordingly, we hold the trial court erred in granting defendants' motion to suppress and we reverse the trial court's order granting that motion. Because the trial court addressed only two of the eight issues raised in the motion to suppress, we remand this cause to the trial court for consideration of the remaining six issues.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] We have jurisdiction to review this order. State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991).
[2] We note that subsequent to the filing of this appeal the Florida Supreme Court held section 796.01 unconstitutional. Warren v. State, 572 So.2d 1376 (Fla. 1991).