ALDERMAN, JAMES E., Senior Justice.
A jury found defendant, Oliver Glass, guilty of keeping a gambling house and of possession of a machine gun. He appeals the denial of his motion to suppress evidence seized in a search of his dwelling pursuant to a search warrant. His convictions either stand or fall on the legality of this search. We find that the search warrant affidavit is insufficient to establish probable cause to search defendant’s residence.
*6 Glass owned a two story, building located on the southwest corner of Northwest 16th Avenue and Northwest 6th Street in Fort Lauderdale. The ground floor of the building housed a grocery ’ store, owned and operated by Glass. There were two apartments on the second floor. Glass resided in one of the apartments and rented the other. Based on their belief that the apartment Glass rented out was used as a gambling house, police sought a search warrant for the grocery store and both apartments.
An affidavit in support of a search warrant must itself demonstrate probable cause for the issuance of the warrant and cannot be supplemented by oral testimony to establish probable cause. Bonilla v. State, 579 So.2d 802 (Fla. 5th DCA 1991); Swartz v. State, 316 So.2d 618 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976). Although the affidavit in this case demonstrated probable cause to search the apartment defendant rented and in which the games were going on, it failed to demonstrate probable cause to search defendant’s residential apartment. The only statements in the affidavit concerning that apartment are the statement identifying it as defendant’s residence, a statement that the entire building was being used to facilitate the gambling the affiant had seen in the second apartment and a statement that the affiant had seen the defendant sitting in his apartment counting a large sum of money.
The unsupported conclusion that the entire premises were being used to facilitate a gambling operation without more is insufficient to establish probable cause to search Glass’s dwelling. The fact that Glass was seen counting money in his residence is also insufficient in light of the fact that he owned and operated a grocery store on the premises. See Dunnavant v. State, 46 So.2d 871 (Fla.1950).
We hold that the affidavit failed to demonstrate probable cause to search the apartment defendant used as his residence. Without the machine gun, the defendant cannot be convicted on the possession charge. On the gambling charge, however, even after excluding the evidence that was seized from his residence, there was other evidence presented from which a jury could have found the defendant guilty. A new trial on this charge is required because the evidence seized from the defendant’s dwelling should not have been presented to the jury. We reverse and remand for further proceedings consistent with this opinion.
DELL and GUNTHER, JJ., concur.