POLEN, Judge,
dissenting.
I respectfully dissent. The majority’s per curiam affirmance of the trial court’s order, granting a motion to suppress, tacitly approves the finding that the search warrant being quashed lacked sufficient specificity to establish that the items sought would be found in appellee’s home. In Bonilla v. State, 579 So.2d 802, 805 (Fla. 5th DCA 1991)[1], the fifth district, Judge Diamantis, described the respective roles of the issuing magistrate and the reviewing judge as follows:
The task of the magistrate when reviewing an application for a search warrant is to make a practical, common sense decision whether, given all the circumstances before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. Price, 564 So.2d 1239 (Fla. 5th DCA 1990). The trial court’s duty upon reviewing the magistrate’s decision to issue a search warrant is not to conduct a de novo determination of probable cause, but instead, to determine whether substantial evidence supports the finding that based on the totality of the circumstances probable cause existed to issue the warrant. State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989). A magistrate’s determination of probable cause must be accorded a presumption of correctness and not be disturbed absent a clear demonstration that the issuing magistrate abused his discretion. State v. Price, 564 So.2d at 1241.
In my view, the able trial judge below erred by conducting a de novo hearing as to the sufficiency of probable cause based on the affidavit that the items of evidence sought would be found in the defendant’s home. The record before us does not support that the issuing magistrate abused his discretion in issuing the search warrant. The trial court thus erred in quashing the warrant and granting the motion to suppress.
I would reverse the order quashing the search warrant and suppressing the items of evidence thus obtained, and remand for further proceedings.

. While the appellate court in Bonilla reversed the trial court’s denial of a motion to suppress, their holding was based on a total omission of the probable cause paragraph from the affidavit, albeit the presenting officer attempted to cure the defect by reference to a companion affidavit. The instant case is clearly distinguishable, as no such defect exists here.