IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

MARLENY FERNANDEZ-ARIAS AND
ENEDIO ALEJO-ESPINOSA,

      Appellees.

Case No. 5D15-2384
          5D15-2385

_____/

Opinion filed May 13, 2016

Appeal from the Circuit Court
for Hernando County,
Stephen E. Toner, Jr., Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellant.

Frank De La Grana, of Frank De La Grana,
P.A., Tampa, for Appellees.


PER CURIAM.

The State appeals the trial court's order granting a motion to suppress filed by
codefendants Marleny Fernandez-Arias ("Arias") and Enedio Alejo-Espinosa
("Espinosa"). In its order, the trial court found that probable cause did not exist to
support the issuance of a search warrant.

While investigating a suspected marijuana grow operation, police compiled an affidavit outlining the grounds for probable cause to issue a search warrant. The circuit court magistrate found that the affidavit established probable cause and issued a search warrant. The resulting search of the property revealed thirty-two marijuana plants, along with grow lights, ballasts, pots, fans, and air conditioning units. As a result, Arias was charged with trafficking in cannabis; possession of a place for trafficking, sale, or manufacture of a controlled substance; cultivating cannabis; and possession of paraphernalia. Espinosa was charged with trafficking in cannabis; possession of a place for trafficking, sale, or manufacture of a controlled substance; cultivating cannabis; grand theft; tampering with utility fixtures; and possession of paraphernalia.

The State argues that the trial court failed to give proper deference to the findings of the magistrate who issued the search warrant. In State v. Price, this court determined that the warrant under review in that case was supported by sufficient probable cause and explained:

> A magistrate's determination should be accorded a presumption of correctness and not disturbed absent a clear demonstration that the issuing magistrate abused his discretion. State v. Jacobs, 437 So. 2d 166 (Fla. 5th DCA 1983). The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); Jacobs.

564 So. 2d 1239, 1241 (Fla. 5th DCA 1990). Based on the record before us and our review of the warrant and supporting affidavit in the instant case, we agree with the State. We note, parenthetically, that Florida appellate courts have previously found probable cause existed on facts similar to those in the instant case. See, e.g., State v.

2

<u>Delrio</u>, 56 So. 3d 848, 850-51 (Fla. 2d DCA 2011). The magistrate properly issued the search warrant; thus, we reverse the trial court's order granting the motion to suppress and remand the case for further proceedings.

REVERSED and REMANDED.

LAWSON, C.J., SAWAYA and BERGER, JJ., concur.