459 So.2d 352 (1984)
The STATE of Florida, Appellant,
v.
Murray Herbert SAYERS and Richard M. Zzie, Appellees.
No. 84-405.
District Court of Appeal of Florida, Third District.
October 30, 1984.
Rehearing Denied December 19, 1984.
*353 Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., for appellant.
Walters, Costanzo, Russell, Zyne and Newman and David A. Russell, Mark King Leban, Miami, Ivan Tobias, Coral Gables, for appellees.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The State appeals from an order granting the defendants' separate motions to suppress. We affirm the order as to Sayers and reverse the order as to Zzie.
The trial court suppressed the evidence seized from Sayers' person because it found that, although the investigative stop of Sayers was lawful, there was no reason to believe that Sayers was armed and thus no justification for a frisk for weapons, which, not unusually, disclosed cocaine instead. The trial court correctly acknowledged that it is not necessary that the agents have direct information that the person to be frisked is armed and that a law enforcement agent may reasonably believe that a person engaged in a transaction prospectively involving a large quantity of narcotics and large sums of money is likely to be armed to protect the drugs, the money, or himself.[1]See United States v. Vasquez, 634 F.2d 41 (2d Cir.1980); United States v. Post, 607 F.2d 847 (9th Cir.1979); United States v. Oates, 560 F.2d 45, 62 (2d Cir.1977) (firearms are as much "tools of the trade" to "substantial dealers in narcotics" as other articles of narcotics paraphernalia); United States v. Wiener, 534 F.2d 15 (2d Cir.), cert. denied, 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976) (same); United States v. Santana, 485 F.2d 365 (2d Cir.1973), cert. denied, 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 490 (1974). Ordinarily, then, the fact that the agents had reliable information that Sayers was flying to Miami to purchase $50,000 worth of cocaine from the co-defendant, Zzie, and that, immediately before the frisk, they had observed Sayers meet briefly with Zzie, would give rise to a reasonable belief that *354 Sayers was armed. But the trial court was free to find, as it did, that where, as here, the agents knew that Sayers had "just stepped off a commercial airline flight in which they have radar detectors and metal detectors and ... had walked through them," that the agents' belief that Sayers was armed was not reasonable under these circumstances. Thus, the suppression of the narcotics seized from Sayers' person must be affirmed.
Zzie's motion to suppress was directed to narcotics and other items seized from his company's warehouse pursuant to a search warrant obtained after the unlawful frisk of Sayers. The affidavit for the search warrant included not only allegations concerning the information that the law enforcement officers knew about the impending deal between Sayers and Zzie, but also an allegation that Sayers, in a post-arrest statement to the agents, confirmed that the cocaine seized from him had been purchased from Zzie at the premises to be searched.[2] While the trial court correctly concluded that these allegations were sufficient to establish probable cause, it incorrectly concluded that Sayers' statement, essential to a finding of probable cause, could not be considered because of the illegality of Sayers' arrest. Plainly, Zzie has no standing to complain of the frisk and arrest of Sayers, or the illegality of the seizure of narcotics or statements from Sayers. Zzie cannot vicariously assert constitutional rights personal to Sayers. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). See also Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Spencer, 432 So.2d 718 (Fla. 3d DCA 1983). Since Sayers' statement, standing alone, provided more than ample probable cause for the search of the warehouse,[3] the items seized in such search should not have been suppressed.
Affirmed in part; reversed in part.
NOTES
[1] This court has held that robbery and kidnapping are foreseeable consequences of a conspiracy to effect a large drug transaction. See Martinez v. State, 413 So.2d 429 (Fla. 3d DCA 1982).
[2] The agent-affiant's belief that there was more cocaine on the premises stemmed from the fact that the sale to be consummated was 32 ounces of cocaine for $50,000 and that Sayers was arrested with 11 ounces on his person, indicating that he had brought insufficient cash and that the remainder of the cocaine was still with Zzie in the warehouse.
[3] Therefore, we need not consider Zzie's argument that the affidavit contained some knowingly false statements regarding information received from Canadian law enforcement authorities. We note, however, that although the trial court made no specific findings, it was obviously not impressed, nor are we, with the contention that any statement was false or misleading.