MINER, Judge,
dissenting.
Without deciding, the majority “assumes” that the informant’s tip herein provided reasonable suspicion that a crime was being committed so as to justify stopping appellant’s vehicle. Despite this “assumption”, however, the majority finds that “neither the facts nor the law” supports the trial court’s finding that the subsequent pat-down search of appellant was justified because the informant’s tip gave the arresting officers probable cause to believe that the defendant may have been armed and dangerous because he was engaged in a drug transaction involving a large quantity of narcotics and a large sum of money. Because I believe that the stop of appellant’s vehicle and the subsequent pat-down search of appellant were reasonable under the circumstances and in accord with applicable case law, I would affirm his conviction.
First, I would hold that the tip provided by the confidential informant was sufficient to justify the initial stop of appellant’s vehicle. We are not dealing here with an anonymous tip. The officer was hailed over to the curb by the tipster whom he recognized as an informant and knew from past experience to be reliable. The informant pointed out a specific vehicle departing the scene in which he or she had seen a “large amount” of cocaine (quoting the officer’s testimony). There is no doubt that the officer was able to identify the vehicle to which the informant referred and which appellant was driving seconds after the officer received the tip because appellant’s was the only vehicle in the area. Clearly, then, the initial stop of appellant’s vehicle was lawful. Cf. State v. Cook, 475 So.2d 285 (Fla. 5th DCA 1985) (finding initial stop of vehicle justified where employees of liquor lounge pointed to vehicle and yelled at officer to inform him that driver had a gun).
With respect to what transpired after the initial stop of appellant’s vehicle, it seems to me equally clear that the frisk of which he complains was eminently reasonable under the test articulated in Terry. Indeed, the only case to which the majority refers on this point, State v. Sayers, 459 So.2d 352 (Fla. 3rd DCA 1984), rev. den., Zzie v. State, 471 So.2d 44 (Fla.1985), supports this conclusion.
The majority finds that if the sole basis for frisking a detained person is the suspicion that such person is dealing in a large quantity of illicit drugs and large sums of money, then the Terry reasonableness test is not met notwithstanding the implications in what it characterizes as “dicta” in State v. Sayers. “Dicta” though it may be, it nonetheless states a well recognized rule of law which the Sayers court found necessary to articulate in order to explain why such rule did not operate, on the particular facts there at hand, to justify a protective frisk of the suspect.[1]
*544 The trial court correctly acknowledged that it is not necessary that the agents have direct information that the person to be frisked is armed and that a law enforcement agent may reasonably believe that a person engaged in a transac-. tion prospectively involving a large quantity of narcotics and large sums of money is likely to be armed to protect the drugs, the money, or himself. See United States v. Vasquez, 634 F.2d 41 (2d Cir.1980); United States v. Post, 607 F.2d 847 (9th Cir.1979); United States v. Oates, 560 F.2d 45, 62 (2d Cir.1977) (firearms are as much “tools of the trade” to “substantial dealers in narcotics” as other articles of narcotics paraphernalia); United States v. Wiener, 534 F.2d 15 (2d Cir.), cert. denied, 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976) (same); United States v. Santana, 485 F.2d 365 (2d Cir.1973), cert. denied, 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 490 (1974). Ordinarily, then, the fact that the agents had reliable information that Sayers was flying to Miami to purchase $50,000 worth of cocaine from the co-defendant, Zzie, and that, immediately before the frisk, they had observed Sayers meet briefly with Zzie, would give rise to a reasonable belief that Sayers was armed. But the trial court was free to find, as it did, that where, as here, the agents knew that Sayers had “just stepped off a commercial airline flight in which they have radar detectors and metal detectors and ... had walked through them,” that the agents’ belief that Sayers was armed was not reasonable under these circumstances.
State v. Sayers, 459 So.2d at 353-354 (footnote omitted).
Thus, the Sayers court correctly recognized that it is generally not unreasonable to believe that one suspected of trafficking in large amounts of narcotics may be armed. Even so, the district court properly declined to disturb the trial court’s finding that it was unreasonable to believe that Sayers was armed because he had just walked through a metal detector.
Of the cases cited in Sayers, the one which it seems to me most clearly articulates the applicable legal standard is United States v. Post, 607 F.2d 847 (9th Cir.1979):
It is clear that an officer who has the right to stop a person does not necessarily have a concomitant right to search that person. Only when an officer justifiably believes that “the individual whose suspicious behavior he is investigating at a close range is armed” may he conduct a limited search for concealed weapons.
In Terry, the Court closely scrutinized Officer McFadden’s conduct and concluded that, despite the fact that he had not observed a weapon or any physical indication of a weapon, it was reasonable to assume, from the nature of the offense contemplated, that Terry was armed and dangerous. It is not unreasonable to suspect that a dealer in narcotics might be armed.
Id. at 851, (citations omitted) (emphasis added).
In the case at hand, in light of the fact that the officer had a reasonable belief that appellant was in possession of a “large amount” of cocaine, an amount from which the officer may reasonably have inferred that appellant was trafficking in large quantities of cocaine, it was not unreasonable for the officer to also believe that appellant was armed, thereby justifying the investigatory frisk. Terry.
Although the officer testified that the frisk he performed was part of “standard police procedure,” the lawfulness of the frisk may be and in my view is sustained on the basis of the underlying facts leading to the frisk. In addition, the case at bar is distinguishable from Harris, supra, and L.D.P., supra, where such “standard” procedures were held unlawful either because the officer conceded that he had no fear that the suspects may have been armed {Harris), or because the facts failed to support a reasonable belief that the suspects were armed (L.D.P.) (dicta).
*545 Finally, although the officer testified that he did not believe that the hard cylindrical object detected in appellant’s clothing was a gun or a razor blade, he testified that he was unsure whether that object was a knife. Thus, the instant search was justified.

. State v. Sayers affirmed the trial court’s order finding the initial stop of the defendant lawful but suppressing the evidence seized on the *544 ground that the subsequent pat-down search was unlawful.