STONE, Judge.
We affirm the trial court’s denial of Appellant’s motion to suppress. Appellant asserts that his consent to be searched was rendered involuntary due to the arresting officers’ use of drawn weapons and handcuffs. See Reynolds v. State, 592 So.2d 1082 (Fla.1992).
Although we do not condone the use of drawn weapons or handcuffs in every Terry stop, such actions are lawful where officers believe that their use is “reasonably necessary to protect the officers’ safety or to thwart a suspect’s attempt to flee.” Id. at 1084. See also Wilson v. State, 547 So.2d 215 (Fla. 4th DCA 1989); State v. Sayers, 459 So.2d 352 (Fla. 3d DCA 1984), rev. denied sub nom., Zzie v. State, 471 So.2d 44 (Fla.1985). But see, Alexander v. State, 616 So.2d 540 (Fla. 1st DCA 1993). As stated in Reynolds, citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), “[pjolice officers are not required to ignore their experience in determining what action is appropriate.” Reynolds, 592 So.2d at 1086.
Here, the police not only had probable cause to stop Appellant and conduct an inquiry, but also to search for drugs which the officers had a well-founded suspicion to believe were on the defendant’s person. Based on information from a confidential informant, the officers had learned that Appellant was carrying an amount of illegal drugs on his person sufficient to constitute trafficking. The developed facts were consistent with the informant’s information, and the arresting officer had even monitored a telephone conversation evidencing a drug trafficking conspiracy. We also note that Appellant admitted that he was in possession of the drugs prior to being searched. However, this admission was subsequent to the officers’ approach with the drawn weapons.
We have considered Appellant’s other contentions and find them to be without merit.
FARMER and STEVENSON, JJ., concur.