558 So.2d 537 (1990)
The STATE of Florida, Appellant,
v.
Marcus PERKINS and Rodney Guy, Appellees.
No. 89-221.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Robert A. Butterworth, Atty. Gen., Janet Reno, State Atty., and Richard L. Shiffrin, Asst. State Atty., for appellant.
Mark King Leban, Miami, Mechanic & Goldstein, Coconut Grove, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.

On Motion for Rehearing and Motion to Certify Question of Great Public Importance
NESBITT, Judge.
We deny the motion for rehearing but grant the motion to certify a question of great public importance. This opinion is substituted for that released on November 7, 1989.
The state appeals the dismissal of first-degree murder charges against the defendants in a cocaine trafficking case. We reverse.
*538 The state alleged that the defendants met with the victim to buy a trafficking amount of cocaine from him. The victim pulled a gun on the defendants and attempted to rob them of the $11,000 which they had brought to purchase the drugs. In the ensuing struggle, one defendant, himself shot by the victim, fatally shot the victim with the victim's own gun.
The defendants were charged with attempted cocaine trafficking, § 893.135, Fla. Stat. (1987), and first-degree felony murder, § 782.04, Fla. Stat. (1987). The trial court granted defendants' pretrial motion in limine, ruling that the defense of self-defense was available. The defendants then filed a motion to dismiss the murder charges; the state demurred, asserting that the defense of self-defense is not available when felony murder is charged. The trial court granted dismissal of the murder charges, and the state appeals.
We first briefly address defendants' claim that the state is foreclosed from pursuing this appeal of the trial court's final order dismissing the felony murder charges since the state failed to appeal the trial court's initial ruling on defendants' pretrial motion in limine to the effect that self-defense was an available defense. Defendants claim that since the state knew at that time that, based on the facts of this case, allowing a defense of self-defense would effectively foreclose the possibility of a guilty verdict on the murder charges, the state was required to seek review of that ruling at that time. We disagree with the defendants and hold that pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A), the state could file this appeal based on the trial court's final order dismissing the felony murder charges.
Defendants acknowledge that pursuant to section 782.04, a person may be charged with felony murder if that person, while "engaged in the perpetration of, or in the attempt to perpetrate" cocaine trafficking, kills another human being. However, they contend that they are entitled to raise the defense of self-defense, § 776.012, Fla. Stat. (1987), to the felony murder charges because the victim was shot only to prevent him from killing them. While recognizing that, pursuant to section 776.041, Fla. Stat. (1987), a self-defense claim is not available to a person who "[i]s attempting to commit ... a forcible felony," the defendants contend that a claim of self-defense is not foreclosed to them since cocaine trafficking is not a forcible felony.
Section 776.08, Fla. Stat. (1987), defines "forcible felony." It states:
"Forcible felony" means treason; murder; manslaughter; sexual battery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.

(emphasis added). While it is true, as defendants claim, that section 776.08 does not specifically list drug trafficking as a forcible felony in the way that section 782.04 lists trafficking as an underlying felony upon which a first-degree murder charge can be based, the crime of drug trafficking is clearly embraced within the scope of the definition of forcible felony since the crime is the sort of felony which involves "the use or threat of physical force or violence against an[] individual" as set forth in section 776.08.
Numerous cases attest to the propensity for violence inherent in narcotics trafficking. See e.g., State v. Sayers, 459 So.2d 352, 353 (Fla. 3d DCA 1984) (In a drug "transaction prospectively involving a large quantity of narcotics and large sums of money [a participant] is likely to be armed to protect the drugs, the money, or himself."), review denied sub nom. Zzie v. State, 471 So.2d 44 (Fla. 1985); State v. Amaro, 436 So.2d 1056, 1061 (Fla. 2d DCA 1983) ("Recent history has shown that the potential for violence in a drug related felony, particularly in Florida, is high and cannot be discounted."); Martinez v. State, 413 So.2d 429 (Fla. 3d DCA 1982) (robbery and kidnapping foreseeable consequences of a conspiracy to participate in a large drug transaction).
*539 Accordingly, because drug trafficking is a forcible felony as defined in section 776.041, we hold that the defense of self-defense is not available to these defendants.[1] Recognizing that this cases addresses an issue of great public importance, we certify to the Supreme Court of Florida the issue addressed here.
The trial court order dismissing the felony murder charges is hereby
Reversed.
NOTES
[1] We discern no conflict with our decision here and that of Bowes v. State, 500 So.2d 290 (Fla. 3d DCA 1986), review denied, 506 So.2d 1043 (Fla. 1987) for two reasons. First, Bowes, convicted of marijuana trafficking, pleaded the defense of excusable homicide, § 782.03, Fla. Stat. (1985). Second, and more importantly, in 1987 after this court rendered the Bowes decision, the legislature amended the felony murder statute, § 782.04, specifically to include drug trafficking in the list of those heinous crimes which can underlie a charge of felony murder. The clear implication of that change was to place drug trafficking within the definition of forcible felony, i.e., "any other felony which involves the use or threat of physical force or violence against any individual." § 776.08.