PER CURIAM.
We affirm appellant’s convictions and sentences for battery on a law enforcement officer and resisting arrest with violence. We address only the issues concerning appellant’s sentence under the prison releasee reoffender statute.
Appellant, sentenced as a prison releas-ee reoffender under section 775.082(8), Florida Statutes (1997), raises numerous constitutional challenges to the statute. Appellant’s arguments are without merit. Tuner v. State, 745 So.2d 535 (Fla. 1st DCA 1999); Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999); Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999).
As in Woods v. State, supra, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.