753 So.2d 703 (2000)
James K. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-772.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Smith appeals from his judgment and sentence for armed robbery,[1] for which he received enhanced punishment (a thirty-year term in prison) under section 775.082(8), Florida Statutes (1997). He argues on appeal that the state failed to prove that he was a "prison releasee reoffender" *704 for purposes of enhanced punishment, pursuant to that section. We affirm, but we certify conflict and the same question on the constitutionality of the Prison Releasee Reoffender Act that we have previously certified. See Richardson v. State, 748 So.2d 1042 (Fla. 5th DCA 1999), rev. granted, Case No. 96,764, 751 So.2d 1253 (Fla. Jan. 6, 2000); Robinson v. State, 742 So.2d 863 (Fla. 5th DCA 1999); Gray v. State, 742 So.2d 805 (Fla. 5th DCA 1999), rev. granted, Case No. 96,765, 751 So.2d 1252 (Fla. Jan. 18, 2000); Moon v. State, 737 So.2d 655 (Fla. 5th DCA 1999), rev. granted, Case No. 96,459, 751 So.2d 1253 (Fla, Jan. 6, 2000); Cook v. State, 737 So.2d 569 (Fla. 5th DCA 1999).
Section 775.082(8), Florida Statutes (1997) provides in part:
(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
* * *
g. Robbery;
* * *
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:
* * *
b. For a felony of the first degree, by a term of imprisonment of 30 years; ...
Smith's sentencing scoresheet resulted in a sentencing range under the guidelines of 97 months (8.08 years) to 161.7 months (13.4 years) in state prison. The state objected to a guidelines sentence noting its intent to sentence Smith as a prison releasee reoffender. It produced a certified copy of a case in which Smith was sentenced on November 13, 1995 to 30 months incarceration with credit for time served. The robbery for which he was found guilty in this case took place on November 20, 1997.
Defense counsel argued that the state failed to prove the conviction had not been overturned or that the defendant was in fact ever incarcerated. Defense counsel also argued the state failed to show Smith's date of release from prison so as to be able to calculate whether he reoffended within three years of having been released from prison.
Proof by a "preponderance" of the evidence means proof which leads the factfinder to find that the existence of a contested fact is more probable than its nonexistence. Department of Health and Rehabilitative Services v. M.B., 701 So.2d 1155 (Fla.1997); Walls v. State, 641 So.2d 381 (Fla.1994), cert. denied, 513 U.S. 1130, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995); State v. Edwards, 536 So.2d 288 (Fla. 1st DCA 1988).
In this case, the state showed Smith committed this new armed robbery on November 20, 1997, clearly within three years of the time he had been sentenced for the prior crime. Logically, it is not possible for Smith to have served any time for the prior crime and then had the required three years transpire before committing the crime in this case. We agree that had the prior crime been overturned or had he not been incarcerated in prison for that crime, the enhanced punishment statute would not be applicable. But the burden of showing those exceptional facts were on Smith.
*705 AFFIRMED; CONFLICT and QUESTION CERTIFIED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] § 812.13(1) and (2)(a), Fla. Stat. (1997).