SORONDO, J.
Carnival Corporation petitions for a writ of prohibition contending that the trial judge should have disqualified herself. We disagree and deny the petition.
The petition argues that this Court’s decision in Royal Caribbean Cruises Ltd. v. Doe, 767 So.2d 626 (Fla. 3d DCA 2000), documents this trial judge’s bias against the cruise line industry and that petitioner has a “ ‘well-founded fear’ ... that [it] will not receive a fair trial.” Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986).
The statements made by this judge in Royal Caribbean must be read in their proper context. There, the judge made comments which were specifically directed at cases involving sexual assaults aboard cruise ships. Her comments concerning the cruise line industry’s litigation tactics were also directed at that particular type of case. Indeed, the judge made reference to a “national news magazine show” that addressed these sexual assaults. We agree with petitioner that it has reasonable grounds to believe that this judge cannot be fair in such cases.
The present case, however, is a simple claim brought by a seaman alleging that he was injured during his employment. We do not believe that the judge’s comments in Royal Caribbean disqualify her here.
The petition for writ of prohibition is denied.