789 So.2d 366 (2001)
Horace BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-494.
District Court of Appeal of Florida, Second District.
March 16, 2001.
*367 James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Horace Brown pleaded guilty to numerous charges, including drug crimes, battery on a law enforcement officer, obstructing an officer with violence and possession of a firearm by a felon. The State sought to have him sentenced as both a prison releasee reoffender[1] and a habitual felony offender.[2] At the sentencing hearing and on appeal Brown raised several challenges to the Prison Releasee Reoffender Punishment Act.
His constitutional challenges have been rejected in Grant v. State, 770 So.2d 655 (Fla.2000), and State v. Cotton, 769 So.2d 345 (Fla.2000). The Fourth District recently has held that battery on a law enforcement officer is a qualifying offense for prison releasee reoffender sentencing. See Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000). We agree, and we reject Brown's argument on that issue. Brown also contends that the State is required to show he was released from prison because he had served his sentence. Here, the State presented a release affidavit from the Department of Corrections showing Brown's release date. We agree with the Fifth District that the State need only show that a defendant qualifies as a prison releasee reoffender by a preponderance of the evidence. Smith v. State, 753 So.2d 703 (Fla. 5th DCA 2000). Once it makes that showing, the burden shifts to the defendant to prove exceptional facts, such as an overturned conviction, that would negate his status as a prison releasee reoffender. Brown did not meet his burden.
*368 Still, Brown correctly argues that he was improperly sentenced to equal, concurrent prison releasee reoffender and habitual offender sentences for his crimes of battery on a law enforcement officer and opposing an officer with violence. Our supreme court has held these equal, concurrent sentences violate the Prison Releasee Reoffender Punishment Act. Grant, 770 So.2d at 659. We remand with directions to the circuit court to strike Brown's designations and sentences as a habitual offender for those crimes. In all other respects, we affirm.
FULMER, A.C.J., and SILBERMAN, J., concur.
NOTES
[1] § 775.082(9), Fla. Stat. (Supp.1998).
[2] § 775.084(1)(a), Fla. Stat. (Supp.1998).