795 So.2d 122 (2001)
Lorraine WEEMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-236.
District Court of Appeal of Florida, First District.
August 10, 2001.
Rehearing Denied September 17, 2001.
*123 Nancy A. Daniels, Public Defender; Andrew Thomas, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Lorraine Weems, the appellant, seeks review of her conviction and sentence as a prison releasee reoffender for burglary of a dwelling and petit theft. Only two issues raised by appellant merit discussion; we affirm the other claims without further discussion.
The appellant contends that the trial court erred in admitting her statement that she was "robbing houses." The appellant also argues that the Prison Releasee Reoffender Act (PRR) does not apply to her as she was convicted of a burglary of an unoccupied dwelling. We conclude that the trial court did not err in admitting the appellant's statement, but we hold that the trial court improperly sentenced the appellant as a prison releasee reoffender. Accordingly, we affirm the appellant's convictions but vacate her sentence.

Facts
On August 26, 1998, Ricky Meshell arrived at his residence around 12:05 p.m. *124 and noticed a strange car parked on the side of his house. He went inside his house and saw a woman standing in the kitchen. He claimed she was holding a stereo and T-shirt underneath her arms. When he asked her what she was doing, she stated that she was in the wrong house. She walked out the back door. Meshell walked out the front door and confronted her by the car. The woman started crying and said that she left the stereo just outside the house. She claimed that she had dropped off a man at the house who went inside. She followed the man inside; he left, and she was waiting for him. Meshell asked her if she had stolen anything else. She then stated that there was no man and that she was "robbing houses." Meshell testified that the woman begged him not to call the police. Meshell let the woman leave in her car, but he wrote down her license number in case he later found something missing.
Later, Meshell called the police upon learning that his roommate was missing $73 and a gold pocket watch. He identified the appellant as the woman he found in his house. The appellant was subsequently charged with burglary of a dwelling and grand theft. On August 31, 1999, a jury found the appellant guilty of burglary of a dwelling and the lesser included offense of petit theft.
On October 29, 1999, the appellant filed a motion to declare the Prison Releasee Reoffender Act (PRR) unconstitutional. At the hearing on November 16, 1999, the appellant, relying on State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), argued that the PRR did not apply because the statute only mentioned burglary of an occupied dwelling. The trial court upheld the constitutionality of the PRR and applied the statute to the appellant's offense. The trial court sentenced the appellant, on December 17, 1999, as a prison releasee reoffender to 15 years in prison for burglary of a dwelling and 11 months and 29 days for petit theft.

Admission of Collateral Crimes
The appellant first argues that the trial court erred in admitting her statement that she had been robbing other houses. Relevant evidence of other crimes is only admissible to prove a material fact in issue, such as intent. See § 90.404(2)(a), Fla. Stat. (1997). Here, the appellant's statement provides evidence of her intent: to rob the house. It does not appear from the record to have been offered as evidence of the appellant's bad character or propensity to commit a crime. See id. (such evidence not admissible to prove bad character or propensity). Therefore, the trial court did not err in admitting the statement.
Even if the trial court had erred in admitting the evidence, the error was harmless. Generally, admission of collateral wrongdoings is presumptively harmful. See Keen v. State, 775 So.2d 263 (Fla.2000); Czubak v. State, 570 So.2d 925, 928 (Fla.1990); Steward v. State, 619 So.2d 394 (Fla. 1st DCA 1993). However, the admission of such evidence is subject to the harmless error test. See Keen, 775 So.2d at 275. Under the harmless error test, the state must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Here, the appellant's statement that she was "robbing houses" was not a feature of the trial. The state did not attempt to elicit information about other crimes the appellant may have committed in the neighborhood. No further questions were asked about the statement. The state also did not present any other evidence of collateral wrongdoings. Furthermore, other evidence existed in the record to support *125 the conviction for burglary. Meshell testified that he personally saw the appellant carrying property out of the house but did not see anyone else leave the house. Even redacting the portion of the statement concerning robbing houses, Meshell stated at trial that the appellant finally admitted that only she was in the house and that she was in the house to steal. He also testified that the house was in disarray, as if it had been rummaged through. Meshell's roommate testified that everything in his room was strewn about. The investigating deputies testified that, although there were no signs of forced entry, access to the house could have occurred through a previously broken window. Although the appellant stated that she was not carrying any property when she saw Meshell, the jury was within its parameters in believing Meshell's testimony over the appellant's. See generally Rhue v. State, 693 So.2d 567 (Fla. 2d DCA 1996) (credibility issues are for jury to decide). Accordingly, as the trial court did not commit harmful, reversible error, we affirm on this issue.

Prison Releasee Reoffender
The appellant next argues that the Prison Releasee Reoffender Act does not apply to the offense of burglary of an unoccupied dwelling of which the appellant was convicted. The appellee cites our decision in Foresta v. State, 751 So.2d 738 (Fla. 1st DCA 2000), in support of its argument that the PRR does apply. However, Foresta was recently overruled by the Florida Supreme Court's decision in State v. Huggins, 26 Fla. L. Weekly S174, ___ So.2d ___, 2001 WL 278107 (Fla. Mar. 22, 2001). In Huggins, the supreme court agreed with the appellant's argument and held that burglary of an unoccupied dwelling is not subject to the PRR. Id.
Thus, for the PRR to apply, the appellant must have committed burglary of an occupied dwelling. See § 775.082(8)(a)1., Fla. Stat. (1997); Huggins, 26 Fla. L. Weekly S174, ___ So.2d ___. Here, the jury found the appellant guilty, as charged, of burglary of a dwelling. (Emphasis added.) Unlike the sentence enhancement scheme under the PRR, section 810.02(3), Florida Statute (1997), does not enhance the offense of burglary based on occupancy. However, the burglary statute does distinguish between unoccupied and occupied dwellings. See § 810.02(3)(a), (b), Fla. Stat. (1997). Therefore, both the charging documents and the verdict form, in this case, could have differentiated on the basis of occupancy, even before this Court's decision in Foresta. As the information and verdict form did not so differentiate, the jury was not given the opportunity to make any specific finding concerning the occupancy of the dwelling.
The question of whether the dwelling was occupied during the burglary is a factual matter properly decided by the jury. In the absence of the jury's making such a finding, the trial court could not invade the jury's historical function as a finder of fact. See State v. Overfelt, 457 So.2d 1385 (Fla.1984). "Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode." Id. at 1387. As occupancy of the dwelling is a matter concerning the criminal episode, the jury is the fact finder on this issue. See § 810.02(3)(a), Fla. Stat. (1997). Even though the evidence is undisputed that the dwelling was occupied at the time of the offense, the jury must make this specific finding before the PRR could apply to the appellant. See State v. Estevez, 753 So.2d 1 (Fla.1999) (rejecting proposition that jury finding as to amount of cocaine is not required where evidence on issue is not controverted at trial). *126 Therefore, because the jury did not find that the dwelling was occupied, the appellant's conviction does not fall into the enumerated offenses in the PRR. Accordingly, we vacate the appellant's prison releasee reoffender sentence and remand for resentencing.

Conclusion
The trial court did not commit reversible error in admitting the appellant's statement of collateral crimes. Evidence existed in the record to support the appellant's conviction. However, because the jury did not make an express finding as to the occupancy of the dwelling, the trial court improperly imposed a PRR sentence. Accordingly, we affirm the appellant's conviction for burglary of a dwelling and petit theft but vacate the appellant's prison releasee reoffender sentence and remand for resentencing consistent with this opinion.
AFFIRMED in part; VACATED in part; REMANDED for further proceedings.
BARFIELD and WOLF, JJ., concur.