799 So.2d 282 (2001)
David PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2286.
District Court of Appeal of Florida, Second District.
September 14, 2001.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
David Parker appeals his conviction for burglary of a dwelling and the resulting fifteen-year sentence imposed pursuant to the Prison Releasee Reoffender Punishment Act as codified at section 775.082(8)(a), Florida Statutes (1997). We affirm Parker's conviction without discussion. However, we vacate Parker's prison releasee reoffender sentence and remand for resentencing.
Parker was charged with and convicted of burglary of a dwelling. The State likely chose to charge Parker with burglary of a dwelling, without specifying whether the dwelling was occupied or unoccupied, because either would have been at least a second-degree felony without regard to the occupancy of the dwelling at the time of the burglary. § 810.02(3)(a), (b), Fla. Stat. (1997). The evidence presented during *283 Parker's trial clearly demonstrated that the owner of the dwelling was in her yard at the inception of the burglary and she entered her home during the course of the burglary. Nonetheless, the verdict form did not afford the jury an opportunity to determine whether the dwelling[1] was occupied and, consequently, the jury did not make that factual finding.
In the absence of a factual finding concerning the occupancy of the dwelling, we are compelled to reverse Parker's prison releasee reoffender sentence. The supreme court has interpreted the Prison Releasee Reoffender Punishment Act to encompass burglary of an occupied dwelling but not burglary of an unoccupied dwelling. State v. Huggins, 26 Fla. L. Weekly S174, ___ So.2d ___, 2001 WL 278107 (Fla. Mar. 22, 2001). Thus, as explained in Weems v. State, 795 So.2d 122 (Fla. 1st DCA 2001), where, in cases such as the present, a jury does not make a finding that the dwelling was occupied, burglary of a dwelling does not fall within the offenses enumerated in the Act. Accordingly, like the defendant in Weems, Parker could not be sentenced as a prison releasee reoffender pursuant to section 775.082(8)(a), Florida Statutes (1997).[2]
Affirmed in part, vacated in part, and remanded for resentencing.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] As defined in section 810.011(2), Florida Statutes (1997), the dwelling would include its curtilage.
[2] We note that this result is likely to apply to many cases involving the burglary of a dwelling for which a prison releasee reoffender sentence has been imposed prior to the supreme court's decision in State v. Huggins, 26 Fla. L. Weekly S174, ___ So.2d ___, 2001 WL 278107 (Fla. Mar. 22, 2001), because neither the State nor the trial court would have appreciated the need for a special verdict form to resolve this factual issue which was immaterial under section 810.02(3), Florida Statutes (1997).