800 So.2d 627 (2001)
James HUDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3007.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Order Withdrawing and Adopting Special Concurrence on Grant of Rehearing November 21, 2001.
*628 Bennett H. Brummer, Public Defender, and Shaundra L. Kellam, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SORONDO, and RAMIREZ, JJ.
Order Withdrawing Panel Opinion and Adopting Special Concurrence on Grant of Rehearing November 21, 2001.
RAMIREZ, J.
James Hudson appeals his judgment of conviction and sentence for throwing a deadly missile into a hotel lobby. We reverse because Hudson was improperly sentenced to an extended term of imprisonment as a violent career criminal where the jury verdict did not authorize such a sentence.
The trial court judge sentenced Hudson as a violent career criminal to forty years in prison with a thirty year minimum mandatory term, pursuant to section 775.084(1), Florida Statutes (1998). Section 775.084(1)(c) allows the trial court judge to sentence a defendant to a term of imprisonment as a violent career criminal if it finds that both the charged offense qualifies and at least three of the defendant's prior felonies also qualify. The charged offense, throwing a deadly missile, is not one of the specified offenses. Thus, to qualify under the statute, this offense must be a "forcible felony" as defined in section 776.08, Florida Statutes (1997).
To qualify under section 776.08 as a forcible felony, the crime must involve "the use or threat of physical force or violence against any individual." Before the United States Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the trial court could make this determination if it was established by a preponderance of the evidence. See § 775.084(3)(a), Fla. Stat. (1998). Apprendi now requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.[1]
In this case, the jury never made any finding that the building in this case was occupied, or that there was the use or threat of physical force against the victim. In addition, the use or threat of physical force against any individual is not a necessary element of the charged offense because throwing a deadly missile under section 790.19, Florida Statutes (1998), constitutes a crime whether the building is occupied or unoccupied. Clearly, there is no violence against an individual inherent in throwing a missile into an unoccupied building. The trial court judge, therefore, had no basis on which to sentence Hudson beyond the statutory maximum since the Apprendi requirements were not met.
Reversed and remanded for resentencing.
SORONDO, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
I agree with reversal on the separate ground that, no matter what the underlying facts or jury finding, and thus without considering Apprendi, the crime proscribed by section 790.19, Florida Statutes (1997),[2] is not a forcible felony as defined *629 by section 776.08, Florida Statutes (1997),[3] because it includes shooting or throwing at unoccupied buildings, and thus does not, by statutory definition, necessarily involve physical force or violence against an individual. Perkins v. State, 576 So.2d 1310 (Fla.1991)(cocaine trafficking not a forcible felony involving use or threat of physical force or violence within meaning of selfdefense statute); see also Robinson v. State, 692 So.2d 883 (Fla.1997)(determination of whether non-Florida offense qualifies under habitual offender statute determined by statutory definition, not actual facts of case); Carpenter v. State, 785 So.2d 1182 (Fla.2001)(same; aggravating circumstances); Dautel v. State, 658 So.2d 88 (Fla.1995)(same; sentencing guidelines). For this reason, in turn, it cannot be a qualifying felony under the violent career criminal statute, section 775.084(1)(c) 1. a., Florida Statutes (Supp. 1988).[4]Perkins, 576 So.2d at 1310; see King v. State, 698 So.2d 1321 (Fla. 4th DCA 1997)(throwing a deadly missile or object into structure does not involve use or possession of firearm and is not an enumerated offense under violent career criminal statute).

ON MOTION FOR REHEARING-GRANTED
PER CURIAM.
The motion for rehearing filed by the appellee, State of Florida, is granted and the panel opinion dated October 10, 2001, is hereby withdrawn. We adopt the special concurring opinion as the opinion of this court.
SCHWARTZ, C.J. and RAMIREZ, J., concur.
SORONDO, J. (concurring)
In its answer brief and at oral argument, the state forcefully argued that throwing a deadly missile was a qualifying offense as a forcible felony for violent career criminal sentencing. In its motion for rehearing, the state now concedes that it is not and that this case should be reversed on this narrow ground without reaching defendant's Apprendi[1] argument. The Court is urged to adopt Chief Judge Schwartz's concurrence as the majority opinion.
This concession comes as a consequence of the state's concern that this Court's Apprendi analysis could give rise to confusion and "open the flood gates of litigation *630 on this issue."[2] I concede that a misunderstanding of Apprendi has that potential. Accordingly, I join what is now Chief Judge Schwartz's majority opinion.
I cannot help but note that much time and effort could have been saved if the state had simply confessed error in the first place.
NOTES
[1] In fairness to the trial judge, it should be pointed out that Apprendi was decided after Hudson was sentenced in this case.
[2] 790.19 Shooting into or throwing deadly missiles into dwellings, public or private buildings, occupied or not occupied; vessels, aircraft, buses, railroad cars, streetcars, or other vehicles.Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied ... shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] 776.08 Forcible felony."Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
[4] 775.084 Violent career criminals; habitual felony offenders and habitual violent felony offenders; definitions; procedure; enhanced penalties.

(1) As used in this act:
* * *
(c) "Violent career criminal" means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(c), if it finds that:
1. The defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that is:
a. Any forcible felony, as described in s. 776.08....
[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[2] In Bover v. State, 732 So.2d 1187 (Fla. 3d DCA 1999), I dissented and said at footnote 11: "It is inconceivable that the amount of post-conviction litigation which presently exists could actually increase." Before the ink on that opinion dried, the Florida Supreme Court decided Heggs v. State, 759 So.2d 620 (Fla.2000). Needless to say, I am extremely sensitive to the flood gate argument.