801 So.2d 965 (2001)
STATE of Florida, Appellant,
v.
Charles Wagner ELDREDGE, Appellee.
No. 4D01-637.
District Court of Appeal of Florida, Fourth District.
November 21, 2001.
Rehearing Denied January 4, 2002.
*966 Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellee.
POLEN, C.J.
The State timely appeals the trial court's imposition of a guidelines sentence to Charles Eldredge, contending he should have received a mandatory fifteen year sentence as a Prison Release Reoffender (PRR). We disagree, and, thus, affirm.
On February 8, 2001, Eldredge entered a guilty plea to burglary of a dwelling and grand theft, and received a guidelines sentence of 121.05 months. The facts surrounding the plea were undisputed. According to the probable cause affidavit, the victim returned to her townhouse the afternoon of February 11, 2000, when she noticed her front door was broken. She heard noises coming from upstairs and grabbed her portable phone to step outside to call 911. While she was outside, Eldredge came down the stairs, walked outside past the victim, and walked away down the street. It was later determined that approximately $1300 in jewelry and coin had been stolen from the premises.
The indictment charged Eldredge with the crimes of burglary of a dwelling and grand theft. At the plea conference, Eldredge admitted he had been released from prison within the last three years. Eldredge pled guilty to the information as charged; the State maintained he should be sentenced as a PRR for the burglary of a dwelling charge. § 775.082(9)(a)(1), Fla. Stat. (1997). According to the State, the burglary charge qualified as a predicate offense for imposition of a PRR sentence under section 775.082(9)(a)(1)(q), Florida Statutes, "Burglary of an occupied structure or dwelling." The court noted there was conflict among the Circuits, regarding whether or not the word "occupied" modified "dwelling" in the statute, i.e., whether the Prison Release Reoffender Punishment Act (PRRPA) applied to any burglary of a dwelling or only to burglary of an "occupied" dwelling, and refused to enter a PRR sentence. See State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999); State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999).
While this appeal was pending, the Florida Supreme Court resolved this conflict, holding the PRRPA did not apply to a defendant convicted of burglary of an unoccupied dwelling, i.e., only applied to burglary of an occupied dwelling. State v. Huggins, 802 So.2d 276 (Fla.2001). As *967 discussed, supra, Eldredge was merely charged with, and pled guilty to, the crime of burglary of a dwelling. The State did not charge Eldredge with the specific crime of burglary of an occupied dwelling. § 810.02(3)(a), Fla. Stat. (1997). The issue of whether a dwelling was "occupied" during a burglary is a factual matter. Weems v. State, 795 So.2d 122 (Fla. 1st DCA 2001). Furthermore, a PRR sentence cannot be imposed without an express specific finding that a dwelling was "occupied" during a burglary. Id. at 125 (holding where defendant was merely charged with burglary of a dwelling, the court could not impose a PRR sentence because the jury had not been given an opportunity to make any specific findings concerning the occupancy of the dwelling and the trial court could not invade the jury's function as finder of fact). Like the defendant in Weems, Eldredge was only charged with the crime of burglary of a dwelling, and the fact-finder, here, the judge, was not asked to nor given an opportunity to make any specific findings concerning the occupancy of the dwelling. Therefore, we find the trial court did not commit error in refusing to sentence Eldredge as a PRR, where he was only adjudicated guilty of burglary of a dwelling.
Yet, the State contends statutory amendments made to section 775.082(9)(a)(1), effective July 1, 2001, merely "clarified" existing law, and should therefore be applied retroactively, permitting the PRRPA sentencing sought in this case. § 775.082(9)(a)(1)(q), Fla. Stat. (2001)("Burglary of a dwelling or burglary of an occupied structure."). We disagree. The retroactive application of this particular statutory amendment was recently rejected by the third district. State v. Miranda, 793 So.2d 1042, 1044 (Fla. 3d DCA 2001)(holding retroactive application of statutory amendment would result in additional punishment to defendant in contravention of ex post facto clauses of the state and federal constitutions, where it was not clear from the statute, at the time of commission of the offense, whether the crime of burglary of an unoccupied dwelling would subject the defendant to sentencing under the PRRPA). We agree with the third district's reasoning, and hold the amended statute cannot be applied retroactively.
Accordingly, the trial court's imposition of a guideline sentence is affirmed.
GUNTHER and WARNER, JJ., concur.