SALCINES, Judge.
James McCoy appeals the sentences imposed upon remand for two separate burglaries. We affirm the sentence imposed for the burglary in count two without further comment and reverse the sentence imposed for count one.
McCoy was originally charged in count one with armed burglary of a dwelling. McCoy was convicted and sentenced to life for this offense. McCoy appealed the conviction. This court determined that the evidence did not support the conviction and directed the trial court to enter judgment for the lesser offense of burglary of a dwelling and to resentence McCoy. McCoy v. State, 789 So.2d 489 (Fla. 2d DCA 2001). On remand, the trial court sentenced McCoy to thirty years’ imprisonment as a habitual felony offender and as a prison releasee reoffender for the count one burglary.
McCoy argues that the trial court erred when it imposed a prison releasee reoffen-der sentence for the burglary of an unoccupied dwelling. See Dudley v. State, 802 So.2d 461 (Fla. 2d DCA 2001); Parker v. State, 799 So.2d 282 (Fla. 2d DCA 2001). McCoy was not charged with burglary of an occupied dwelling, and the jury did not make a finding that the dwelling was occupied at the time of the burglary. The State concedes that McCoy could not be sentenced as a prison releasee reoffender under these circumstances and that he must be resentenced on count one to omit this designation.
Accordingly, the sentence of thirty years’ imprisonment as a habitual offender and as a prison releasee reoffender imposed for count one is reversed. On remand, the trial court shall impose a sentence, for count one, of thirty years’ imprisonment as a habitual offender only.
*1212 Affirmed in part, reversed in part, and remanded.
FULMER and STRINGER, JJ., Concur.