PER CURIAM.
The appellant challenges the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant raised a facially sufficient claim that his prison releasee reof-fender sentence for burglary of a dwelling is illegal, we reverse.
After being convicted by a jury of burglary of a dwelling and other charges, the appellant was sentenced as a prison releas-ee reoffender to 15 years’ imprisonment for burglary of a dwelling. The appellant filed the present motion alleging that his prison releasee reoffender sentence is illegal because he was not convicted of burglary of an occupied dwelling. The trial court summarily denied the motion.
Section 775.082(8)(a)l.q., Florida Statutes (1997), states that a person has to be convicted of burglary of an occupied dwelling or structure in order to qualify for sentencing as a prison releasee reoffender. Additionally, this Court has held that a jury must make a specific finding that the appellant was convicted of burglary of an occupied dwelling in order for the appellant to qualify for sentencing as a prison releasee reoffender. Weems v. State, 795 So.2d 122, 125 (Fla. 1st DCA 2001). In the instant case, the record shows that the appellant was not charged with burglary of *217 an occupied dwelling and the record shows that the jury was not presented the option of finding the appellant guilty of burglary of an occupied dwelling. Thus, the appellant has raised a facially sufficient claim that his sentence is illegal and the trial court failed to attach portions of the record to refute the appellant’s claim.
We therefore reverse the trial court’s summary denial and remand for the trial court to attach portions of the record that conclusively refute the appellant’s claim or to grant appropriate relief.
REVERSED and REMANDED.
BARFIELD, DAVIS, and BENTON, JJ., concur.