884 So.2d 1014 (2004)
Kenneth JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1066.
District Court of Appeal of Florida, First District.
October 11, 2004.
Rehearing Denied in Part and Granted in Part October 11, 2004.
*1015 Nancy A. Daniels, Public Defender, and John R. Alfino, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On consideration of appellant's motion for rehearing, we withdraw our prior opinion and substitute the following.
Kenneth Jenkins appeals three of four sentences imposed in consequence of convictions arising out of two separate criminal episodes. He contends that the trial court erred by imposing ten-year sentences for convictions on Counts I, battery of a law enforcement officer, and IV, resisting an officer with violence, because the sentences exceed the statutory maximum for third-degree felonies; by imposing a consecutive sentence for the conviction on Count III, fleeing or attempting to elude *1016 arrest, because, he alleges, all four convictions arose from what was really a single criminal episode; and, finally, by imposing a sentence under the Prison Releasee Reoffender Punishment Act for the conviction on Count I, because battery of a law enforcement officer is not, he contends, a qualifying offense. We affirm the sentence for Count III, but reverse the sentences for Counts I and IV.
On Jenkins's motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b), the trial court struck the habitual felony offender designation for the sentences earlier imposed on the Count I and IV convictions, but did not reduce the ten-year habitual felony offender sentences to the five-year statutory maximums that apply, absent habitualization. Because both resisting an officer under section 843.01, Florida Statutes (2002), and battery of a law enforcement officer under section 784.07(2)(b), Florida Statutes (2002), are third-degree felonies subject to maximum sentences of five years under section 775.082(9)(a)(3)(d), Florida Statutes (2002), we reverse the ten-year sentences imposed for those offenses and remand for resentencing.
We affirm the consecutive habitual felony offender sentence for Count III, because Jenkins's act of fleeing or attempting to elude two officers who were in their patrol vehicles with sirens and lights activated, in violation of section 316.1935(2), Florida Statutes (2002), occurred in a different location and at a different time than the other three offenses, which arose from Jenkins's earlier conduct toward an officer who was on bicycle patrol. See Hale v. State, 630 So.2d 521, 524 (Fla.1993); Murray v. State, 491 So.2d 1120, 1124 (Fla.1986); Parker v. State, 633 So.2d 72, 74 (Fla. 1st DCA 1994).
Finally, we reject appellant's contention that the Prison Releasee Reoffender Punishment Act does not apply to the battery of a law enforcement officer which was proven in this case. See Branch v. State, 790 So.2d 437, 439 (Fla. 1st DCA 2000) ("The appellant meets the criteria for classification as a prison releasee reoffender, for within three years of his 1996 release from a D.O.C. state correctional facility, he committed battery on a law enforcement officer, a qualifying offense that falls within the ambit of statutory subsection (8)(a)(1)(o), which includes `[a]ny felony that involves the use or threat of physical force or violence against an individual.'"). Although acquitted of using an automobile as a deadly weapon on Count I, Mr. Jenkins was convicted on that count of "intentionally touching or striking Victor Pacheco against his will," and he was also found guilty, on another count tried simultaneously, of "driv[ing] his vehicle directly toward Officer Pacheco which created a well-founded fear in Victor Pacheco that violence was imminent." See generally Lane v. State, 867 So.2d 539, 541 (Fla. 1st DCA 2004) (considering simultaneous verdict on related count in upholding conviction). In the present case, whatever the rule when the jury fails to find even threatened violence, appellant's "battery on a law enforcement officer is a qualifying offense for prison releasee reoffender sentencing. See Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000)." Brown v. State, 789 So.2d 366, 367 (Fla. 2d DCA 2001).
In sum, we affirm the sentence imposed for fleeing or attempting to elude arrest, but reverse the sentences imposed for battery of a law enforcement officer and for resisting an officer with violence, and remand for resentencing.
LEWIS, J., concurs; ERVIN, J., concurs and dissents with opinion.
*1017 ERVIN, J., concurring and dissenting.
I concur with the majority's affirmance of the consecutive sentence for the conviction on Count III, and with its reversal of the ten-year sentences for Counts I and IV. I dissent, however, from the majority's decision to remand Count I, battery of a law-enforcement officer (LEO), for resentencing under the Prison Releasee Reoffender (PRR) Act. I would reverse and remand with directions to vacate the PRR designation, because the state failed to establish that it was a qualifying offense under the PRR Act.
This is a case of first impression. In a number of cases, appellate courts have stated in dicta that battery of an LEO qualifies for PRR sentencing under the catch-all provision of the PRR statute, section 775.082(9)(a)(1)(o), which, rather than identifying a specific crime, authorizes a PRR sentence for "[a]ny felony that involves the use or threat of physical force or violence against an individual." See Branch v. State, 790 So.2d 437 (Fla. 1st DCA 2000); Brown v. State, 789 So.2d 366 (Fla. 2d DCA 2001); Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000) (en banc). See also Robinson v. State, 751 So.2d 737 (Fla. 1st DCA 2000), approved in part, 793 So.2d 891 (Fla.2001). None of the above cases, however, has addressed the issue now before us.
Jenkins' conviction for battery of an LEO was based upon evidence showing that he drove his vehicle toward Officer Victor Pacheco, who was dismounting his bicycle while attempting to flag Jenkins down, that Jenkins' vehicle struck the bicycle, which in turn was propelled onto Officer Pacheco, causing a slight abrasion to his leg. Jenkins contends that under section 784.03, Florida Statutes (2002), battery may consist merely of an unwanted touching and does not necessarily involve either the use or threat of physical force or violence, as required by the catch-all provision of the PRR statute. In the alternative, Jenkins claims that battery can be a qualifying offense only if the jury finds an intent to harm; I agree with both arguments.
Section 784.03 provides, in pertinent part:
(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
In my opinion, battery under subsection (1)(a)(1) cannot be considered a qualifying offense, because the statutory definition prohibits acts that do not necessarily involve physical force or violence, while an offense under subsection (1)(a)(2) does necessarily involve physical force or violence, and thus can qualify for PRR sentencing. Before a trial court may impose a PRR sentence based upon subsection (1)(a)(2), however, the jury must have specifically found that the defendant violated that subsection. In this case, the jury found Jenkins guilty of battery under a general verdict that did not distinguish between subsections (a)(1) and (a)(2).

I. Battery under Section 784.03(1)(a)(1)
Because the statutory elements of battery under subsection (1)(a)(1) do not require proof that the offensive touching involved "physical force or violence," it cannot be a qualifying offense for PRR sentencing. In Hudson v. State, 800 So.2d 627 (Fla. 3d DCA 2001) (on mot. for reh'g), the trial court sentenced Hudson as a violent career criminal to 40 years in prison with a 30-year mandatory minimum, pursuant to section 775.084(1)(c)(1)(a), Florida Statutes (Supp. 1998), which authorizes enhancement if a *1018 defendant is convicted of committing a forcible felony, as defined in section 776.08, Florida Statutes, which includes any felony involving "the use or threat of physical force or violence against any individual," identical to the catch-all PRR provision at issue herein. Hudson was convicted of throwing a deadly missile into a hotel lobby, in violation of section 790.19, Florida Statutes (1997), which prohibits shooting or throwing a deadly missile into a structure, whether occupied or unoccupied. Because violation of the statute did not necessarily involve physical force or violence against an individual, the Third District concluded that it could never be a qualifying offense under the violent-career-criminal statute, even if there had been a jury finding that the hotel was occupied, because qualifying offenses must be based upon their statutory definitions.
The Hudson court cited Perkins v. State, 576 So.2d 1310 (Fla.1991), wherein the supreme court was asked to decide whether Perkins could raise the defense of self-defense, because he was charged with killing a man with whom he had negotiated a drug deal, and section 776.041(1), Florida Statutes, precludes a claim of self-defense if a defendant uses deadly force while committing a forcible felony. The court decided that drug trafficking is not necessarily an offense "that involves the use or threat of physical force or violence against any individual," regardless of the evidence in the case, and regardless of the fact that there is a "`propensity for violence inherent in narcotics trafficking.'" Id. at 1313 (quoting State v. Perkins, 558 So.2d 537, 538 (Fla. 3d DCA 1990)). This is because the dictionary definition of the term "involve," as used in the catch-all provision for forcible felonies, means "to contain within itself, to make necessary as a condition or result," and thus,
in the strict and literal sense required by Florida law, this language can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08.
Id. The court held that violence is not an essential component of drug trafficking, and thus, it was not a forcible felony; therefore, Perkins was not barred from raising the defense of self-defense.
Under the Perkins reasoning, the identical language in the PRR Act means that the elements of a qualifying third-degree felony must encompass the use or threat of physical force or violence. Because unwanted touching under section 784.03(1)(a)(1) may not necessarily be a violent act, it cannot be a qualifying offense for PRR sentencing.[1]

II. Battery under Section 784.03(1)(a)(2)
On the other hand, battery by intentionally causing bodily harm to an individual necessarily involves the use of physical force or violence; hence, a violation of section 784.03(1)(a)(2) is a qualifying conviction under the PRR catch-all provision. *1019 The jury must make this determination, in adherence to case law requiring a jury to determine any fact that provides a foundation for imposition of a minimum-mandatory sentence. For example, in State v. Estevez, 753 So.2d 1 (Fla.1999), the defendant was charged by information with trafficking in cocaine in excess of 400 grams. The minimum-mandatory sentence for trafficking depends upon the amount of cocaine involved. Section 893.135, Florida Statutes (1995), mandated a 15-year minimum sentence for trafficking in excess of 400 grams. The verdict form contained several categories to enable the jury to determine the amount, but the jury returned a verdict finding Estevez guilty "as charged in the information," and failed to identify the amount involved. The trial court accepted the verdict, over objection, and sentenced Estevez to the 15-year mandatory minimum. The Third District reversed, holding that the verdict form must contain a finding that the defendant committed an offense warranting the minimum-mandatory sentence. Id. at 2-3. The supreme court approved the decision, concluding that the trial court could not impose such sentence under the trafficking statute unless the jury had determined the specific quantity of cocaine involved, "even in cases where the evidence [of the amount] is uncontroverted." Id. at 7. The court analogized such evidence to cases requiring a specific jury finding that a defendant use a firearm or weapon in the commission of an offense before a trial court may enhance the sentence or apply a mandatory minimum under section 775.087, Florida Statutes. See, e.g., State v. Hargrove, 694 So.2d 729 (Fla.1997) (holding that even when it is undisputed that the defendant used a firearm, the jury must specifically find such use before the trial court can impose a minimum-mandatory sentence). This preserves the jury's inherent power to pardon a defendant by convicting for a lesser-included offense. Estevez, 753 So.2d at 4-5.
This court followed the Estevez principle in Weems v. State, 795 So.2d 122 (Fla. 1st DCA 2001). Weems was convicted of burglary of a dwelling, and the trial court sentenced him as a PRR. The 1997 PRR Act provided that a conviction for burglary of "an occupied structure or dwelling" was a qualifying offense. It was undisputed that the dwelling was occupied at the time of Weems' burglary. The jury, however, merely found Weems guilty as charged of burglary of a dwelling. The burglary statute itself made a distinction between occupied and unoccupied dwellings, but the verdict form did not ask the jury to make a specific finding of occupancy. Based on these facts, Weems concluded: "Therefore, because the jury did not find that the dwelling was occupied, the appellant's conviction does not fall into the enumerated offenses in the PRR [Act]." Id. at 126. The court thereupon vacated Weems' PRR sentence and remanded for resentencing.
In the case at bar, if the state had asked the jury to find that Jenkins committed battery on an LEO by intentionally causing bodily harm to the officer, and if the jury had so found, the trial court could have imposed the PRR mandatory minimum, based upon Jenkins' "use or threat of physical force or violence." The state, however, charged Jenkins in the amended information with "intentionally touching or striking Victor Pacheco" with his car, which is the language of section 784.03(1)(a)(1), rather than (1)(a)(2). Although the prosecutor contended in closing argument that Jenkins "intentionally and deliberately" rammed his car into Officer Pacheco, and thus committed aggravated battery under section 784.045, Florida Statutes (2002), he also argued that Jenkins "intentionally touched or struck Victor Pacheco against his will," and that *1020 when Jenkins' car hit Officer Pacheco's bicycle, "that is the intentional touching against Officer Pacheco's will," which is, again, the language provided in section 784.03(1)(a)(1). On the verdict form, the jury, while acquitting Jenkins of aggravated battery, found him guilty of the lesser-included offense of battery, by checking the following: "We, the Jury, find the Defendant guilty of Battery on a Law Enforcement Officer." There were no subcategories of battery provided on the forms to the jury; therefore, at sentencing, the trial court, in my judgment, was not permitted to assume that Jenkins' conduct violated section 784.03(1)(a)(2), rather than (1)(a)(1). "`Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode.'" Weems, 795 So.2d at 125 (quoting State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984) (emphasis added)).
I would reverse appellant's sentence as a PRR on Count I, and remand for resentencing with directions that such designation be vacated.
NOTES
[1] The Third District concluded that an offensive touching of an LEO did not involve the use of physical force or violence, but it based this conclusion upon the evidence in the case, rather than the statutory elements of the offense, in Johnson v. State, 858 So.2d 1071 (Fla. 3d DCA 2003) (on mot. for reh'g) (holding that Johnson's conviction for battery by spitting on an LEO was not a qualifying offense under the violent-career-criminal provision, section 775.084(1)(d)(1)(a), Florida Statutes (2001), because even though spitting is an unwanted touching, and thus a battery under section 784.03(1)(a)(1), spitting is not a forcible felony involving "the use or threat of use of physical force or violence" under section 776.08).