PER CURIAM.
The appellant challenges the trial court’s order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Because we conclude that the appellant’s sentence is illegal, we reverse and remand the cause to the trial court for resentencing. The appellant was convicted of burglary of a dwelling and was sentenced as a prison releasee reof-fender to a minimum mandatory 15 years’ imprisonment. The record does not reflect any finding that the dwelling the appellant burglarized was occupied, and burglary of an unoccupied dwelling did not qualify a defendant for prison releasee reoffender sentencing at the time the appellant’s offense was committed. See State v. Huggins, 802 So.2d 276 (Fla.2001); Weems v. State, 795 So.2d 122 (Fla. 1st DCA 2001). Therefore, the appellant’s prison releasee reoffender sentence is illegal.
REVERSED and REMANDED.
KAHN, VAN NORTWICK and HAWKES, JJ., concur.