933 So.2d 1 (2006)
William W. GRAHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2955.
District Court of Appeal of Florida, Third District.
March 8, 2006.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.

*2 ON MOTION FOR REHEARING GRANTED

PER CURIAM.
William W. Graham seeks rehearing of this court's opinion issued on September 21, 2005. We grant rehearing, withdraw our previous opinion and substitute the following opinion in its place.
This court has previously held that the offense of battery on a law enforcement officer does not necessarily involve the use or threat of use of physical force or violence. That offense, without proof that it is one of the forcible felonies enumerated in section 776.08, Florida Statutes or that it was committed with physical force or violence, cannot be used as a qualifying offense for purposes of sentencing as a violent career criminal. § 775.084(1)(d)1.a and § 776.08, Fla. Stat. (2003); see Hearns v. State, 912 So.2d 377 (Fla. 3d DCA 2005); Johnson v. State, 858 So.2d 1071 (Fla. 3d DCA 2003); Hudson v. State, 800 So.2d 627 (Fla. 3d DCA 2001). We explained in those cases that the problem with using the offense of battery on a LEO as a qualifying offense is that it might not be a forcible felony: battery can be accomplished by mere touching, without the use or threat of use of physical force or violence. See also Perkins v. State, 576 So.2d 1310 (Fla.1991). As the "forcible felony" language used in the prison releasee reoffender statute is identical to that of the violent career criminal statute, see section 775.082(9)(a)1.o, Florida Statutes (2003), the same reasoning applies. We thus reverse and remand for resentencing in accordance with this opinion.
We also certify direct conflict with Jenkins v. State, 884 So.2d 1014 (Fla. 1st DCA 2004), Brown v. State, 789 So.2d 366 (Fla. 2d DCA 2001), Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000).
Reversed and remanded; conflict certified.