995 So.2d 1047 (2008)
David BRINSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3373.
District Court of Appeal of Florida, Second District.
November 14, 2008.
*1048 David Brinson, Jr., pro se.
Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
David Brinson, Jr., appeals the summary dismissal of his petition for writ of habeas corpus. We affirm the dismissal of claims one and two. We reverse and remand for further proceedings on claim three, in which Brinson asserted his violent career criminal (VCC) sentence for robbery is illegal because the trial court improperly used a prior conviction for battery on a law enforcement officer (BOLEO) as a qualifying offense. See § 775.084(1)(d), Fla. Stat. (1999) (setting forth the definition of "violent career criminal").
Brinson asserted three claims in his petition, each attacking the legality of his sentence. Rather than treating Brinson's habeas petition as a Florida Rule of Criminal Procedure 3.800(a) motion, the postconviction court dismissed it after concluding it did not have jurisdiction because Brinson was not within the court's territorial jurisdiction. This was error. See Zatyka v. State, 872 So.2d 285, 286 (Fla. 2d DCA 2004) (holding that a petition for writ of habeas corpus that raises a claim of illegal sentence should be treated as a motion filed pursuant to rule 3.800(a)); Walker v. State, 965 So.2d 1281 (Fla. 2d DCA 2007) (reversing the denial of a rule 3.800(a) motion in which the petitioner challenged his prison releasee reoffender (PRR) designation on his conviction for BOLEO). Nevertheless, we affirm the dismissal of claims one and two because they are without merit. On the other hand, Brinson's third claim may have merit and should be addressed by the postconviction court.
In his third claim, Brinson asserts that his VCC sentence for robbery is illegal because the trial court erroneously used a prior conviction for BOLEO as a qualifying offense. When Brinson was sentenced in 2001, this court had taken the position that BOLEO was a felony involving the use of physical force or violence, and therefore was a qualifying offense for prison releasee reoffender sentencing. See, e.g., State v. Crenshaw, 792 So.2d 582 (Fla. 2d DCA 2001); Brown v. State, 789 So.2d 366 (Fla. 2d DCA 2001). The reasoning of these cases apparently served as the basis for concluding that BOLEO was a "forcible felony" and thus a qualifying offense for VCC sentencing. See § 775.084(1)(d)(1)(a), Fla. Stat. (1999) (listing "any forcible felony, as described in s. 776.08" as a qualifying offense for VCC sentencing). In 2007, however, in State v. Hearns, 961 So.2d 211, 220 (Fla.2007), the *1049 supreme court held that BOLEO was not a "forcible felony" and thus was not a qualifying offense for the purpose of VCC sentencing. The supreme court disapproved this court's opinions in Brown and Crenshaw and similar opinions from other district courts explaining that they conflicted with Perkins v. State, 576 So.2d 1310 (Fla. 1991). Perkins held that to constitute a "forcible felony" under section 776.08, the statutory elements of the felony must include the use or threat of physical force or violence against any individual.
Because Perkins was actually the controlling authority when Brinson was sentenced, his prior conviction for BOLEO should not have been used to qualify him for PRR sentencing. See Acosta v. State, 982 So.2d 87 (Fla. 3d DCA 2008) (holding that the court need not determine whether Hearns should apply retroactively because Perkins was always the controlling authority). Nonetheless, the State urges us to affirm the postconviction court's ruling because this court previously heard and rejected Brinson's claim. See Brinson v. State, 953 So.2d 524 (Fla. 2d DCA 2007) (table decision). While the doctrines of law of the case or collateral estoppel can apply to preclude consideration of a successive rule 3.800(a) motion, we conclude that application of those doctrines under the circumstances of this case would likely constitute manifest injustice because it appears that Brinson is serving a sentence that far exceeds what he would be subject to absent the improper enhancement. See State v. McBride, 848 So.2d 287, 290-92 (Fla.2003); Wilson v. State, 752 So.2d 1227, 1229 (Fla. 5th DCA 2000). If, in fact, elimination of the improper enhancement results in a reduction of Brinson's sentence, then Brinson's claim should be considered on its merits. Accordingly, we reverse the dismissal of claim three and remand for further proceedings. On remand, the postconviction court shall treat the claim as filed under rule 3.800(a) and dispose of the claim on its merits or attach documents showing that Brinson's VCC sentence does not constitute a manifest injustice. The denial of the remaining grounds of appellant's motion is affirmed.
Affirmed in part, reversed in part, and remanded.
WHATLEY and LaROSE, JJ., Concur.