LAWSON, J.,
concurring.
Dwayne E. Roberts appeals from the summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Roberts claims that his prison releasee reof-fender[1] (“PRR”) sentence is illegal because it is improperly based upon a prior conviction for battery on a law enforcement officer, citing Brinson v. State, 995 So.2d 1047, 1048 (Fla. 2d DCA 2008) (stating that battery on a law enforcement conviction “should not have been used to qualify [Brinson] for PRR sentencing.”). I *1058 write to address this issue only because the trial court did not, and the quotation from Brinson on which Roberts relies does appear to support his claim.
The problem is that the use of the PRR acronym in the published Brinson opinion is obviously a typographical error. It is clear from a review of the entire Brinson opinion that the court was only addressing Brinson’s violent career criminal (“VCC”) sentence, not a PRR sentence. VCC sentencing involves prior qualifying offenses. PRR sentencing does not. Compare § 775.084(l)(d), Fla. Stat., with § 775.082(9)(a)l., Fla. Stat. (2004). For PRR sentencing, the State was required to demonstrate that Roberts committed the offense for which he was being prosecuted[2] within three years after his release from prison. Id. PRR sentencing in no way depends on the nature of the crime that led to the prior prison sentence. Id.

. § 775.082(9)(a)l„ Fla. Stat. (2004).

. PRR sentencing only applies to certain offenses, enumerated in the statute. In this case, Roberts was sentenced as a PRR for attempted voluntary manslaughter (enhanced for use of a weapon). Attempted manslaughter is enumerated in the PRR statute as one of the offenses that qualifies for PRR sentencing, if the defendant committed the offense while serving a prison sentence or within three years after being released from prison.