# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

––––––––––––––––––––––––––

DAVID P. MOLLICA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2433

––––––––––––––––––––––––––

September 6, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pasco County; Kemba Lewis, Judge.

David P. Mollica, pro se.

No appearance for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

David Mollica, who is currently incarcerated in Glades County in the Twentieth Judicial Circuit, appeals from the order of the Circuit Court for Pasco County, which is in the Sixth Judicial Circuit, dismissing his petition for writ of habeas corpus. We affirm the dismissal to the extent that Mollica's petition challenged—successively, we note—the conditions of his confinement. *See, e.g., Broom v. State*, 907 So. 2d 1261, 1262 (Fla. 3d DCA 2005) ("The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ

of habeas corpus when the claims raised in the petition concern issues regarding his incarceration . . . .").

Mollica's petition, however, also included a claim that his life sentence was illegal because, among other things, it exceeded the applicable statutory maximum.[1]  To that extent, the circuit court, having been the court of conviction and sentence, should have considered the petition as a mislabeled motion for relief under Florida Rule of Criminal Procedure 3.800(a).  *See Brinson v. State*, 995 So. 2d 1047, 1048 (Fla. 2d DCA 2008) ("Brinson asserted three claims in his [habeas] petition, each attacking the legality of his sentence.  Rather than treating Brinson's habeas petition as a Florida Rule of Criminal Procedure 3.800(a) motion, the postconviction court dismissed it after concluding it did not have jurisdiction because Brinson was not within the court's territorial jurisdiction.  This was error.").

We do not reverse for further consideration of this claim, however, because the circuit court attached to its order a copy of Mollica's judgment and sentence, which indicates that he was convicted of first-degree murder, a capital felony.  In addition, Mollica acknowledged in his petition that he committed that offense in October 1977.  His life sentence, therefore, plainly did not exceed the applicable statutory maximum.  *See* §§ 782.04(1), 775.082(1), Fla. Stat. (1977).  Accordingly, we instead vacate the circuit court's order of dismissal in part and remand for entry of an order that denies Mollica's petition on the merits to the extent that it should be construed as a motion for relief under rule 3.800(a).

---

[1] Mollica's petition is difficult to follow, and we do not fault the circuit judge for not reading this as an independent claim.

Order of dismissal affirmed in part; vacated in part; remanded with directions.

NORTHCUTT and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.